969 So.2d 245 (2007)
In re STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES (NO. 2005-3).
No. SC05-1434.
Supreme Court of Florida.
October 25, 2007.
Honorable Terry David Terrell, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, First Judicial Circuit, Pensacola, FL, for Petitioner.
Paula S. Saunders, Office of the Public Defender, Tallahassee, FL, and Michael Robert Ufferman, Tallahassee, FL, on behalf of the Florida Association of Criminal Defense Lawyers; and Bart Schneider, Lake Mary, FL, Responding with comments.
*246 PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted proposed amendments to the standard jury instructions. As explained below, we authorize a number of amended and new standard jury instructions for publication and use. We have jurisdiction. See art. V, § 2(a), Fla. Const.
On August 18, 2005, the Committee filed a report proposing amendments to a number of drug abuse and trafficking instructions, and proposing several new instructions with regard to various offenses involving lewd and lascivious conduct.[1] The proposals were published for comment in The Florida Bar News on October 15, 2005. In response to comments received and upon the Committee's further independent review, the Committee determined that it was necessary to amend the proposals, both substantively and to correct errors in stylistic format, grammar, spelling, and punctuation. The Committee ultimately filed, on September 26, 2006, an amended report requesting authorization of its amended proposals.
The Committee proposes two substantive amendments to the drug abuse and trafficking instructions: instructions 25.2 through 25.16. Both amendments are in response to chapter 2002-258, Laws of Florida (codified as section 893.101, Florida Statutes (2006)), which provides as follows:
893.101 Legislative findings and intent.
(1) The Legislature finds that the cases of Scott v. State, 808 So.2d 166 (Fla.2002), and Chicone v. State, 684 So.2d 736 (Fla.1996), holding that the state must prove that the defendant knew of the illicit nature of a controlled substance found in his or her actual or constructive possession, were contrary to legislative intent.
(2) The Legislature finds that knowledge of the illicit nature of a controlled substance is not an element of any offense under this chapter. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense to the offenses of this chapter.
(3) In those instances in which a defendant asserts the affirmative defense described in this section, the possession of a controlled substance, whether actual or constructive, shall give rise to a permissive presumption that the possessor knew of the illicit nature of the substance. It is the intent of the Legislature that, in those cases where such an affirmative defense is raised, the jury shall be instructed on the permissive presumption provided in this subsection.
The Committee first proposes that a portion of the explanation of constructive possession in the drug abuse and trafficking instructions be amended to delete "knowledge of the illicit nature" of a substance as an element. Next, the Committee recommends adding several paragraphs to each drug abuse and trafficking instruction in order to reflect the affirmative defense and permissive presumption set forth in section 893.101(2)-(3), Florida Statutes (2006).[2]
*247 The Committee also proposes six new instructions with regard to various offenses involving lewd and lascivious conduct. These new instructions are based upon section 800.04, Florida Statutes (2006), entitled, "Lewd or lascivious offenses committed upon or in the presence of persons less than 16 years of age."[3]
Upon consideration and with several modifications to the Committee's proposals, we hereby authorize the publication and use of the amended drug abuse and trafficking instructions and new lewd and lascivious offense instructions 11.10(a) and 11.10(b), as set forth in the appendix attached to this opinion.[4] New language is indicated by underlining, and deletions are indicated by struck-through type. We decline to authorize proposed instructions 11.10(c), 11.10(d), 11.10(e), and 11.10(f), and refer these instructions back to the Committee for further consideration.
In authorizing the publication and use of standard jury instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution that the comments associated with the instructions reflect only the views of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall be effective when this opinion becomes final.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX
25.2 DRUG ABUSE  SALE, PURCHASE, MANUFACTURE, DELIVERY, OR POSSESSION WITH INTENT
§ 893.13(1)(a) and(2)(a), Fla. Stat.
Certain drugs and chemical substances are by law known as "controlled substances." (Specific substance alleged) is a controlled substance.
To prove the crime of(crime charged), the State must prove the following (applicable number) elements beyond a reasonable doubt:
1. (Defendant)
[sold]
[purchased]
[manufactured]
[delivered]
[possessed with intent to sell]
[possessed with the intent to purchase]
[possessed with intent to manufacture]
[possessed with intent to deliver]

*248 a certain substance.
2. The substance was (specific substance alleged).
Give if possession is charged.
3. (Defendant) had knowledge of the presence of the substance.
Definitions. Give as applicable.
Sell.
"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.
Manufacture. § 893.02(123)(a), Fla. Stat.
"Manufacture" means the production, preparation, packaging, labeling or relabeling, propagation, compounding, cultivating, growing, conversion or processing of a controlled substance, either directly or indirectly. Manufacturing can be by extraction from substances of natural origin, or independently by means of chemical synthesis. It can also be by a combination of extraction and chemical synthesis.
Deliver. § 893.02(5), Fla. Stat.
"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.
Possession.
To "possess" means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.
Possession may be actual or constructive.
Actual possession means:
a. the thing controlled substance is in the hand of or on the person, or
b. the thing controlled substance is in a container in the hand of or on the person, or
c. the thing controlled substance is so close as to be within ready reach and is under the control of the person.
Give if applicable.
Mere proximity to a thing controlled substance is not sufficient to establish control over that thing controlled substance when the thing it is not in a place over which the person has control.
Constructive possession means the thing controlled substance is in a place over which the person (defendant) has control, or in which the person (defendant) has concealed it.
Give if applicable. See Chicone v. State, 684 So.2d 736 (Fla.1996).
If a thing is in a place over which the person does not have control, iIn order to establish constructive possession of a controlled substance if the controlled substance is in a place over which the (defendant) does not have control, the State must prove the person's (defendant's) (1) control over the thing,controlled substance and (2) knowledge that the thingcontrolled substance was within the person's(defendant's) presence , and (3) knowledge of the illicit nature of the thing.
Possession may be joint, that is, two or more persons may jointly have possession of possess an article, exercising control over it. In that case, each of those persons is considered to be in possession of that article.
If a person has exclusive possession of a thing controlled substance, knowledge *249 of its presence may be inferred or assumed.
If a person does not have exclusive possession of a thing controlled substance, knowledge of its presence may not be inferred or assumed.
Knowledge of the illicit nature of the controlled substance. Give if applicable. § 893.101(2) and (3).
Knowledge of the illicit nature of the controlled substance is not an element of the offense of [insert name of offense charged]. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense. (Defendant) has raised this affirmative defense. However, you are permitted to presume that (defendant) was aware of the illicit nature of the controlled substance if you find that (defendant) was in actual or constructive possession of the controlled substance.
If from the evidence you are convinced that (defendant) knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find (defendant) guilty.
If you have a reasonable doubt on the question of whether (defendant) knew of the illicit nature of the controlled substance, you should find (defendant) not guilty.

 Lesser Included Offenses
------------------------------------------------------------------------------------------
SALE, PURCHASE, MANUFACTURE, DELIVERY OR POSSESSION WITH INTENT TO SELL,
MANUFACTURE OR DELIVER CONTROLLED SUBSTANCE  893.13(1)(a) and (2)(a)
------------------------------------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
----------------------------------------------------------------------------------------
None
------------------------------------------------------------------------------
*265
 Attempt, except when delivery is charged 777.04(1) 5.1
-------------------------------------------------------------------------------
 If delivery of cannabis is charged 893.13(3)
--------------------------------------------------------------------------------
 If possession of cannabis is charged 893.13(6)(b)
----------------------------------------------------------------------------------
 If possession is charged and offense
 would be a second degree felony under
 893.13(1)(a)1 893.13(6)(a)
----------------------------------------------------------------------------------

Comment
Note §§ 893.13(1)(g) 893.13(3) and 893.13(6)(b), Fla. Stat., if the charge involves possession or delivery without consideration of not more than 20 grams of cannabis.
If the defense seeks to show a lack of knowledge as to the nature of a particular drug, an additional instruction may be required. See State v. Medlin, 273 So.2d 394 (Fla.1973).
This instruction was adopted in 1981 and amended in 1989 [543 So.2d 1205], and 1997 [697 So.2d 84], and 2007. See also SC03-629 [869 So.2d 1205 (Fla.2004)].
*250 25.3 DRUG ABUSE  SALE, PURCHASE, DELIVERY, OR POSSESSION IN EXCESS OF TEN GRAMS
§ 893.13(1)(b), (2)(b), and (6)(c), Fla. Stat.
This instruction will have to be altered if a combination of substances is alleged.
Certain drugs and chemical substances are by law known as "controlled substances." (Specific substance alleged) is a controlled substance.
To prove the crime of (crime charged), the State must prove the following (applicable number) elements beyond a reasonable doubt:
1. (Defendant)
[sold]
[purchased]
[delivered]
[possessed]
more than 10 grams of a certain substance.
2. The substance was (specific substance alleged).
Give if possession is charged.
3. (Defendant) had knowledge of the presence of the substance.
Definitions. Give as applicable.
Sell.
"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.
Deliver. § 893.02(5), Fla. Stat.
"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.
Possession.
To "possess" means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.
Possession may be actual or constructive.
Actual possession means:
a. the thing controlled substance is in the hand of or on the person, or
b. the thing controlled substance is in a container in the hand of or on the person, or
c. the thing controlled substance is so close as to be within ready reach and is under the control of the person.
Give if applicable.
Mere proximity to a thing controlled substance is not sufficient to establish control over that thing controlled substance when the thing it is not in a place over which the person has control.
Constructive possession means the thing controlled substance is in a place over which the person (defendant) has control, or in which the person (defendant) has concealed it.
Give if applicable. See Chicone v. State, 684 So.2d 736 (Fla.1996).
If a thing is in a place over which the person does not have control, iIn order to establish constructive possession of a controlled substance if the controlled substance is in a place over which the (defendant) does not have control, the State must prove the person's (defendant's) (1) control over the thing,controlled substance and (2) knowledge that the thingcontrolled substance was within the person's (defendant's) presence, and (3) knowledge of the illicit nature of the thing.
*251 Possession may be joint, that is, two or more persons may jointly have possession of possess an article, exercising control over it. In that case, each of those persons is considered to be in possession of that article.
If a person has exclusive possession of a thing controlled substance, knowledge of its presence may be inferred or assumed.
If a person does not have exclusive possession of a thing controlled substance, knowledge of its presence may not be inferred or assumed.
Knowledge of the illicit nature of the controlled substance. Give if applicable. § 893.101(2) and (3), Fla. Stat.
Knowledge of the illicit nature of the controlled substance is not an element of the offense of [insert name of offense charged]. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense. (Defendant) has raised this affirmative defense. However, you are permitted to presume that (defendant) was aware of the illicit nature of the controlled substance if you find that (defendant) was in actual or constructive possession of the controlled substance.
If from the evidence you are convinced that (defendant) knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find (defendant) guilty.
If you have a reasonable doubt on the question of whether (defendant) knew of the illicit nature of the controlled substance, you should find (defendant) not guilty.

 Lesser Included Offenses
-----------------------------------------------------------------------------
SALE, OR PURCHASE, DELIVERY, OR POSSESSION OF MORE THAN 10 GRAMS
OF CONTROLLED SUBSTANCE  893.13(1)(b), (2)(b), and (6)(c)
----------------------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
-----------------------------------------------------------------------------
Sale or delivery of
controlled substance 893.13(1)(a) 25.2
-----------------------------------------------------------------------------
 Attempt, except when
 delivery is charged 777.04(1) 5.1
-----------------------------------------------------------------------------
 If possession is charged 893.13(6)(a)
-----------------------------------------------------------------------------

Comment
If the defense seeks to show a lack of knowledge as to the nature of a particular drug, an additional instruction may be required. See State v. Medlin, 273 So.2d 394 (Fla.1973).
This instruction was adopted in 1981 and amended in 1989 [543 So.2d 1205], and 1997 [697 So.2d 84], and 2007. See also SC03-629 [869 So.2d 1205 (Fla.2004)].

25.4 DRUG ABUSE  DELIVERY TO OR USE OF MINOR

§ 893.13(4), Fla. Stat.
Certain drugs and chemical substances are by law known as "controlled *252 substances." (Specific substance alleged) is a controlled substance.
To prove the crime of (crime charged), the State must prove the following three elements beyond a reasonable doubt:
1. Give 1a, 1b, or 1c as applicable.

1. a. [(Defendant) delivered a certain substance to a person under the age of 18 years.]
b. [(Defendant) used or hired a person under the age of 18 years as an agent or employee in the sale or delivery of a certain substance.]
c. [(Defendant) used a person under the age of 18 years to assist in avoiding detection or apprehension for (violation of chapter 893, Fla. Stat., alleged).]
2. The substance was (specific substance alleged).
3. (Defendant) was 18 years of age or older at the time.
Definition.
Deliver. § 893.02(5), Fla. Stat.
"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.
Knowledge of the illicit nature of the controlled substance. Give if applicable. § 893.101(2) and (3), Fla. Stat.
Knowledge of the illicit nature of the controlled substance is not an element of the offense of [insert name of offense charged]. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense. (Defendant) has raised this affirmative defense. However, you are permitted to presume that (defendant) was aware of the illicit nature of the controlled substance if you find that (defendant) was in actual or constructive possession of the controlled substance.
If from the evidence you are convinced that (defendant) knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find (defendant) guilty.
If you have a reasonable doubt on the question of whether (defendant) knew of the illicit nature of the controlled substance, you should find (defendant) not guilty.

 Lesser Included Offenses
------------------------------------------------------------------------------------
 DELIVERY TO OR USE OF A MINOR  893.13(4)
------------------------------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
------------------------------------------------------------------------------------
Sale, manufacture,
delivery, etc. 893.13(1)(a) 25.2
------------------------------------------------------------------------------------
 Attempt, except when delivery
 is charged 777.04(1) 5.1
------------------------------------------------------------------------------------
 If possession is charged and
 the offense would be a second
 degree felony under
 893.13(1)(a)1 893.13(6)(a)
------------------------------------------------------------------------------------
 If possession of cannabis is
 charged 893.13(6)(b)
------------------------------------------------------------------------------------
 If delivery of cannabis
 is charged 893.13(3)
------------------------------------------------------------------------------------

*253 Comment
This instruction was adopted in 1981 and amended in 1989 [543 So.2d 1205], and 2007. See also SC03-629 [869 So.2d 1205 (Fla.2004)].

25.5 DRUG ABUSE  BRINGING INTO STATE

§ 893.13(5), Fla. Stat.
Certain drugs and chemical substances are by law known as "controlled substances." (Specific substance alleged) is a controlled substance.
To prove the crime of (crime charged), the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) brought a certain substance into Florida.
2. The substance was (specific substance alleged).
3. (Defendant) had knowledge of the presence of the substance.
Definition.
Possession.
To "possess" means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.
Possession may be actual or constructive.
Actual possession means:
a. Tthe thing controlled substance is in the hand of or on the person, or
b. Tthe thing controlled substance is in a container in the hand of or on the person, or
c. Tthe thing controlled substance is so close as to be within ready reach and is under the control of the person.
Give if applicable.
Mere proximity to a thingcontrolled substance is not sufficient to establish control over that thingcontrolled substance when the thing it is not in a place over which the person has control.
Constructive possession means the thingcontrolled substance is in a place over which the person (defendant) has control, or in which the person (defendant) has concealed it.
Give if applicable. See Chicone v. State, 684 So.2d 736 (Fla. 1996).
If a thing is in a place over which the person does not have control, iIn order to establish constructive possession of a controlled substance if the controlled substance is in a place over which the (defendant) does not have control, the State must prove the person's(defendant's) (1) control over the thing,controlled substance and (2) knowledge that the thingcontrolled substance was within the person's(defendant's) presence, and (3) knowledge of the illicit nature of the thing.
Possession may be joint, that is, two or more persons may jointly have possession of possess an article, exercising control over it. In that case, each of those persons is considered to be in possession of that article.
If a person has exclusive possession of a thing controlled substance , knowledge of its presence may be inferred or assumed.
If a person does not have exclusive possession of a thing controlled substance *254 , knowledge of its presence may not be inferred or assumed.
Knowledge of the illicit nature of the controlled substance. Give if applicable. § 893.101(2) and (3), Fla. Stat.
Knowledge of the illicit nature of the controlled substance is not an element of the offense of [insert name of offense charged]. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense. (Defendant) has raised this affirmative defense. However, you are permitted to presume that (defendant) was aware of the illicit nature of the controlled substance if you find that (defendant) was in actual or constructive possession of the controlled substance.
If from the evidence you are convinced that (defendant) knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find (defendant) guilty.
If you have a reasonable doubt on the question of whether (defendant) knew of the illicit nature of the controlled substance, you should find (defendant) not guilty.

 Lesser Included Offenses
--------------------------------------------------------------------------------
 BRINGING INTO STATE  893.13(5)
--------------------------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
--------------------------------------------------------------------------------
Sale, manufacture,
delivery, etc. 893.13(1)(a) 25.2
--------------------------------------------------------------------------------
 Attempt, except when delivery
 is charged 777.04(1) 5.1
--------------------------------------------------------------------------------
 If possession is charged
 and the offense would be a second
 degree felony under 893.13(1)(a)1 893.13(6)(a)
--------------------------------------------------------------------------------
 If possession of cannabis is
 charged 893.13(6)(b)
--------------------------------------------------------------------------------
 If delivery of cannabis is
 charged 893.13(3)
--------------------------------------------------------------------------------

Comment
If the defense seeks to show a lack of knowledge as to the nature of a particular drug, an additional instruction may be required. See State v. Medlin, 273 So.2d 394 (Fla.1973).
This instruction was adopted in 1981 and amended in 1997 [697 So.2d 84] and 2007. See also SC03-629 [869 So.2d 1205 (Fla. 2004)].

25.6 DRUG ABUSE  CONTRABAND IN SPECIFIED LOCATIONS

§ 893.13(1)(c)(d), & (e) (c)-(f), Fla. Stat.
Certain drugs and chemical substances are by law known as "controlled substances." (Specific substance alleged) is a controlled substance. To prove the crime of (crime charged), the State must prove the following four elements beyond a reasonable doubt:

*255 1. (Defendant)
[sold]
[manufactured]
[delivered]
[possessed with intent to sell]
[possessed with intent to manufacture]
[possessed with intent to deliver]
a certain substance.
Give 2a, or 2bor c as applicable. § 893.13(1)(c), Fla. Stat.
2. a. in, on, or within 1,000 feet of the real property comprising a child care facility or a public or private elementary, middle, or secondary school between the hours of 6:00 a.m. and 12:00 a.m. midnight. s. 893.13(1)(c)
§ 893.13(1)(c-f), Fla. Stat.
b. in, on, or within 200 1000 feet of [the real property comprising a public housing facility] [the real property comprising a public or private college, university, or other postsecondary educational institution] [a public state, county or municipal park] [a community center] [a publicly owned recreation facility] [a physical place for worship at which a church or religious organization regularly conducts religious services] [a convenience business]. s. 893.13(1)(d)
c. in, on, or within 1000 feet of [a physical place for worship at which a church or religious organization regularly conducts a religious services] [a convenience business]. § 893.13(1)(e)
3. The substance was (specific substance alleged).
4. (Defendant) had knowledge of the presence of the substance.
Definitions ÷. gGive as applicable.
Sell.
"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.
Manufacture. § 893.02(13)(a), Fla. Stat.
"Manufacture" means the production, preparation, packaging, labeling or relabeling, propagation, compounding, cultivating, growing, conversion or processing of a controlled substance, either directly or indirectly. Manufacturing can be by extraction from substances of natural origin, or independently by means of chemical synthesis. It can also be by a combination of extraction and chemical synthesis.
Deliver. § 893.02(5), Fla. Stat.
"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.
Possession.
To "possess" means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.
Possession may be actual or constructive.
Actual possession means:
a. Tthe thing controlled substance is in the hand of or on the person, or
b. Tthe thing controlled substance is in a container in the hand of or on the person, or
c. Tthe thing controlled substance is so close as to be within ready *256 reach and is under the control of the person.
Give if applicable.
Mere proximity to a thing controlled substance is not sufficient to establish control over that thing controlled substance when the thing it is not in a place over which the person has control.
Constructive possession means the thing controlled substance is in a place over which the person (defendant) has control, or in which the person (defendant) has concealed it.
Give if applicable.
If a thing is in a place over which the person does not have control, iIn order to establish constructive possession of a controlled substance if the controlled substance is in a place over which the (defendant) does not have control, the State must prove the person's (defendant's) (1) control over the thing,controlled substance and (2) knowledge that the thingcontrolled substance was within the person's(defendant's) presence , and (3) knowledge of the illicit nature of the thing.
Possession may be joint, that is, two or more persons may jointly have possession of possess an article, exercising control over it. In that case, each of those persons is considered to be in possession of that article.
If a person has exclusive possession of a thing controlled substance, knowledge of its presence may be inferred or assumed.
If a person does not have exclusive possession of a thing controlled substance , knowledge of its presence may not be inferred or assumed.
Definitions. Give as applicable.
Child care facility.
"Child care facility" means any child care center or arrangement which provides child care for more than five children unrelated to the operator and which receives a payment, fee, or grant for any of the children receiving care. It does not matter if the child care facility is operated for profit or as a nonprofit operation.
Convenience business.
A "convenience business" means any place of business that is primarily engaged in the retail sale of groceries, or both groceries and gasoline, and that is open for business at any time between the hours of 11 p.m. and 5 a.m. The term does not include any of the following: a business that is primarily a restaurant, or one that always has at least five employees on the premises after 11 p.m. and before 5 a.m., or one that has at least 10,000 square feet of retail floor space. The term "convenience business" also does not include any business in which the owner or members of [his] [her] family work between the hours of 11 p.m. and 5 a.m.
Real property comprising a public housing facility.
The term "real property comprising a public housing facility" is defined as the real property of a public corporation created as a housing authority by statute.
Community Center.
The term "community center" means a facility operated by a nonprofit community-based organization for the provision of recreational, social, or educational services to the public.
*257 Knowledge of the illicit nature of the controlled substance. Give if applicable. § 893.101(2) and (3), Fla. Stat.
Knowledge of the illicit nature of the controlled substance is not an element of the offense of [insert name of offense charged]. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense. (Defendant) has raised this affirmative defense. However, you are permitted to presume that (defendant) was aware of the illicit nature of the controlled substance if you find that (defendant) was in actual or constructive possession of the controlled substance.
If from the evidence you are convinced that (defendant) knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find (defendant) guilty.
If you have a reasonable doubt on the question of whether (defendant) knew of the illicit nature of the controlled substance, you should find (defendant) not guilty.

 Lesser Included Offenses
---------------------------------------------------------------------------
 DRUG ABUSE  CONTRABAND IN SPECIFIED LOCATIONS
---------------------------------------------------------------------------
  893.13(1)(c)(d), & (e) (c)-(f)
---------------------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
---------------------------------------------------------------------------
Drug abuse possession 893.13(1)(f)(6)(a) 25.7
---------------------------------------------------------------------------
 None
---------------------------------------------------------------------------

Comment
This instruction is based on section 893.13, Florida Statutes, (1997), and adapted from the standard instruction on sale of contraband near a school. In Chicone v. State, 684 So.2d 736 (Fla.1996), the court defined the elements of constructive possession that apply if the defendant has no control over the place where the contraband was found.
This instruction was adopted in 1981 and amended in 1989 [543 So.2d 1205], 1997 [697 So.2d 84], and 2000 [765 So.2d 692], and 2007. See also SC03-629 [869 So.2d 1205 (Fla.2004)].

25.7 DRUG ABUSE  POSSESSION

§ 893.13(6)(a), Fla. Stat.
Certain drugs and chemical substances are by law known as "controlled substances." (Specific substance alleged) is a controlled substance.
To prove the crime of (crime charged), the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) possessed a certain substance.
2. The substance was (specific substance alleged).
3. (Defendant) had knowledge of the presence of the substance.
*258 Definition.
Possession.
To "possess" means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.
Possession may be actual or constructive.
Actual possession means:
a. The thing controlled substance is in the hand of or on the person, or
b. The thing controlled substance is in a container in the hand of or on the person, or
c. The thing controlled substance is so close as to be within ready reach and is under the control of the person.
Give if applicable.
Mere proximity to a thing controlled substance is not sufficient to establish control over that thing controlled substance when the thing it is not in a place over which the person has control.
Constructive possession means the thing controlled substance is in a place over which the person (defendant) has control, or in which the person (defendant) has concealed it.
Give if applicable. See Chicone v. State, 684 So.2d 736 (Fla. 1996).
If a thing is in a place over which the person does not have control, iIn order to establish constructive possession of a controlled substance if the controlled substance is in a place over which the (defendant) does not have control, the State must prove the person's(defendant's) (1) control over the thing,controlled substance and (2) knowledge that the thing controlled substance was within the person's (defendant's) presence , and (3) knowledge of the illicit nature of the thing.
Possession may be joint, that is, two or more persons may jointly have possession of possess an article, exercising control over it. In that case, each of those persons is considered to be in possession of that article.
If a person has exclusive possession of a thing controlled substance , knowledge of its presence may be inferred or assumed.
If a person does not have exclusive possession of a thing controlled substance , knowledge of its presence may not be inferred or assumed.
Knowledge of the illicit nature of the controlled substance. Give if applicable. § F.S. 893.101(2) and (3), Fla. Stat.
Knowledge of the illicit nature of the controlled substance is not an element of the offense of [insert name of offense charged]. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense. (Defendant) has raised this affirmative defense. However, you are permitted to presume that (defendant) was aware of the illicit nature of the controlled substance if you find that (defendant) was in actual or constructive possession of the controlled substance.
If from the evidence you are convinced that (defendant) knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find (defendant) guilty.
If you have a reasonable doubt on the question of whether (defendant) knew of the illicit nature of the controlled substance, you should find (defendant) not guilty.

*259 Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
If the defense seeks to show a lack of knowledge as to the nature of a particular drug, an additional instruction may be required. See State v. Medlin, 273 So.2d 394 (Fla.1973).
Note § 893.13(6)(b), Fla. Stat., if the charge involves possession or delivery without consideration of not more than 20 grams of cannabis.
This instruction was adopted in 1981 and amended in 1989 [543 So.2d 1205] and 1997 [697 So.2d 84], and 2007. See also SC03-629 [869 So.2d 1205 (Fla.2004)].

25.8 DRUG ABUSE  OBTAINING CONTROLLED SUBSTANCE BY FRAUD, ETC.

§ 893.13(7)(a)9, Fla. Stat.
Certain drugs and chemical substances are by law known as "controlled substances." (Specific substance alleged) is a controlled substance.
To prove the crime of Obtaining a Controlled Substance by
[mMisrepresentation]
[fFraud]
[fForgery]
[dDeception]
[sSubterfuge]
the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) [acquired or obtained] [attempted to acquire or obtain] possession of a certain substance.
2. The substance was (specific substance alleged).
3. (Defendant) [acquired or obtained] [attempted to acquire or obtain] the substance by
[misrepresentation].
[fraud].
[forgery].
[deception].
[subterfuge].
Knowledge of the illicit nature of the controlled substance. Give if applicable. § 893.101(2) and (3), Fla. Stat.
Knowledge of the illicit nature of the controlled substance is not an element of the offense of [insert name of offense charged]. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense. (Defendant) has raised this affirmative defense. However, you are permitted to presume that (defendant) was aware of the illicit nature of the controlled substance if you find that (defendant) was in actual or constructive possession of the controlled substance.
If from the evidence you are convinced that (defendant) knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find (defendant) guilty.
If you have a reasonable doubt on the question of whether (defendant) knew of the illicit nature of the controlled substance, you should find (defendant) not guilty.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 1981 and amended in 1989, and 2007. See also SC03-629 [869 So.2d 1205 (Fla.2004)].

25.9 TRAFFICKING IN CANNABIS

§ 893.135(1)(a), Fla. Stat.
Certain drugs and chemical substances are by law known as "controlled *260 substances." Cannabis is a controlled substance.
To prove the crime of Trafficking in Cannabis, the State must prove the following four elements beyond a reasonable doubt:
1. (Defendant) knowingly
[sold]
[purchased]
[manufactured]
[delivered]
[brought into Florida]
[possessed]
a certain substance.
2. The substance was cannabis.
3. The quantity of the cannabis involved was [in excess of 25 pounds] [300 or more of cannabis plants].
See State v. Dominguez, 509 So.2d 917 (Fla.1987).
4. (Defendant) knew that the substance was cannabis.
If applicable under the facts of the case and pursuant to § 893.135(2), Fla. Stat., the following bracketed language should be given instead of element 4 above. For example, if it is alleged that the defendant intended to sell heroin, but actually sold cannabis, the alternate element 4 would be given.
[4. (Defendant) intended to [sell] [purchase] [manufacture] [deliver] [bring into Florida] [possess] (an enumerated controlled substance in § 893.135(1), Fla. Stat.), but actually [sold] [purchased] [manufactured] [delivered] [brought into Florida] [possessed] cannabis.]
Definitions. Give as applicable.
Cannabis. § 893.02(3), Fla. Stat.
"Cannabis" means all parts of any plant of the genus Cannabis whether growing or not.
Sell.
"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.
Manufacture. § 893.02(123)(a), Fla. Stat.
"Manufacture" means the production, preparation, packaging, labeling or relabeling, propagation, compounding, cultivating, growing, conversion or processing of a controlled substance, either directly or indirectly. Manufacturing can be by extraction from substances of natural origin, or independently by means of chemical synthesis. It can also be by a combination of extraction and chemical synthesis.
Deliver. § 893.02(5), Fla. Stat.
"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.
Possession.
To "possess" means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.
Possession may be actual or constructive.
Actual possession means:
a. The thing controlled substance is in the hand of or on the person, or
b. The thing controlled substance is in a container in the hand of or on the person, or
c. The thing controlled substance is so close as to be within ready reach and is under the control of the person.
*261 Give if applicable.
Mere proximity to a thing controlled substance is not sufficient to establish control over that thing controlled substance when the thing it is not in a place over which the person has control.
Constructive possession means the thing controlled substance is in a place over which the person (defendant) has control, or in which the person (defendant) has concealed it.
Give if applicable. See Chicone v. State, 684 So.2d 736 (Fla. 1996)
If a thing is in a place over which the person does not have control, iIn order to establish constructive possession of a controlled substance if the controlled substance is in a place over which the (defendant) does not have control, the State must prove the person's(defendant's) (1) control over the thing, controlled substance and (2) knowledge that the thingcontrolled substance was within the person's(defendant's) presence, and (3) knowledge of the illicit nature of the thing.
Possession may be joint, that is, two or more persons may jointly have possession of possess an article, exercising control over it. In that case, each of those persons is considered to be in possession of that article.
If a person has exclusive possession of a thing controlled substance, knowledge of its presence may be inferred or assumed.
If a person does not have exclusive possession of a thing controlled substance, knowledge of its presence may not be inferred or assumed.
Knowledge of the illicit nature of the controlled substance. Give if applicable. § 893.101(2) and (3), Fla. Stat.
Knowledge of the illicit nature of the controlled substance is not an element of the offense of [insert name of offense charged]. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense. (Defendant) has raised this affirmative defense. However, you are permitted to presume that (defendant) was aware of the illicit nature of the controlled substance if you find that (defendant) was in actual or constructive possession of the controlled substance.
If from the evidence you are convinced that (defendant) knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find (defendant) guilty.
If you have a reasonable doubt on the question of whether (defendant) knew of the illicit nature of the controlled substance, you should find (defendant) not guilty.
See State v. Weller, 590 So.2d 923 (Fla. 1991).
The punishment provided by law for the crime of Trafficking in Cannabis is greater depending on the amount of cannabis involved. Therefore, iIf you find the defendant guilty of tTrafficking in cCannabis, you must further determine by your verdict whether the State has proved beyond a reasonable doubt that:
Enhanced penalty. See § 893.135(1)(a)1.-3., Fla. Stat. to verify the weights or amounts specified in the statute, as determined by the date of the offense. Give if applicable up to extent of charge.
a. [The quantity of the substance involved was [in excess of 25 pounds but less than 2,000 pounds.] [300 *262 or more cannabis plants but not more than 2,000 cannabis plants.]]
b. [The quantity of the substance involved was [2,000 pounds or more but less than 10,000 pounds.] [2,000 or more cannabis plants but not more than 10,000 cannabis plants.]]
c. [The quantity of the substance involved was [10,000 pounds or more.] [10,000 or more cannabis plants.]]

 Lesser Included Offenses
-------------------------------------------------------------------------------------------------
 TRAFFICKING IN CANNABIS  893.135(1)(a)
-------------------------------------------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
-------------------------------------------------------------------------------------------------
Trafficking offenses requiring
lower quantities of cannabis 893.135(1)(a)1 and 2 25.9
-------------------------------------------------------------------------------------------------
 Attempt (but not conspiracy),
 except when delivery is charged 777.04(1) 5.1
-------------------------------------------------------------------------------------------------
 If sale, manufacture or delivery is
 charged 893.13(1)(a) 25.2
-------------------------------------------------------------------------------------------------
 If purchase is charged 893.13(2)(a)
-------------------------------------------------------------------------------------------------
 Bringing cannabis into state 893.13(5)
-------------------------------------------------------------------------------------------------
 Possession of cannabis  if less
 than 20 grams of cannabis 893.13(6)(a)
-------------------------------------------------------------------------------------------------
 Delivery of less than 20 grams of
 cannabis 893.13(3)
-------------------------------------------------------------------------------------------------

Comment
This instruction was adopted in 1981 and amended in 1987 [509 So.2d 917], 1989 [543 So.2d 1205], and 1997 [697 So.2d 84], and 2007. See also SC03-629 [869 So.2d 1205 (Fla.2004)].

25.10 TRAFFICKING IN COCAINE

§ 893.135(1)(b), Fla. Stat.
Certain drugs and chemical substances are by law known as "controlled substances." Cocaine or any mixture containing cocaine is a controlled substance.
To prove the crime of Trafficking in Cocaine, the State must prove the following four elements beyond a reasonable doubt:
1. (Defendant) knowingly
[sold]
[purchased]
[manufactured]
[delivered]
[brought into Florida]
[possessed]
a certain substance.
2. The substance was [cocaine] [a mixture containing cocaine].
3. The quantity of the substance involved was 28 grams or more.
See State v. Dominguez, 509 So.2d 917 (Fla.1987).

*263 4. (Defendant) knew that the substance was [cocaine] [a mixture containing cocaine].
If applicable under the facts of the case and pursuant to § 893.135(2), Fla. Stat., the following bracketed language should be given instead of element 4 above. For example, if it is alleged that the defendant intended to sell heroin but actually sold cocaine, the alternate element 4 would be given.
[4. (Defendant) intended to [sell] [purchase] [manufacture] [deliver] [bring into Florida] [possess] (an enumerated controlled substance in § 893.135(1), Fla. Stat.), but actually [sold] [purchased] [manufactured] [delivered] [brought into Florida] [possessed] cocaine or a mixture containing cocaine.]
Definitions. Give as applicable.
Sell.
"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.
Manufacture. § 893.02(123)(a), Fla. Stat.
"Manufacture" means the production, preparation, packaging, labeling or relabeling, propagation, compounding, cultivating, growing, conversion or processing of a controlled substance, either directly or indirectly. Manufacturing can be by extraction from substances of natural origin, or independently by means of chemical synthesis. It can also be by a combination of extraction and chemical synthesis.
Deliver. § 893.02(5), Fla. Stat.
"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.
Possession.
To "possess" means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.
Possession may be actual or constructive.
Actual possession means:
a. The thing controlled substance is in the hand of or on the person, or
b. The thing controlled substance is in a container in the hand of or on the person, or
c. The thing controlled substance is so close as to be within ready reach and is under the control of the person.
Give if applicable.
Mere proximity to a thing controlled substance is not sufficient to establish control over that thing controlled substance when the thing it is not in a place over which the person has control.
Constructive possession means the thing controlled substance is in a place over which the person (defendant) has control, or in which the person (defendant) has concealed it.
Give if applicable. See Chicone v. State, 684 So.2d 736 (Fla.1996).
If a thing is in a place over which the person does not have control, iIn order to establish constructive possession of a controlled substance if the controlled substance is in a place over which the (defendant) does not have control, the State must prove the person's(defendant's) *264 (1) control over the thing,controlled substance and (2) knowledge that the thing, controlled substance was within the person's(defendant's) presence , and (3) knowledge of the illicit nature of the thing.
Possession may be joint, that is, two or more persons may jointly have possession of possess an article, exercising control over it. In that case, each of those persons is considered to be in possession of that article.
If a person has exclusive possession of a thing controlled substance, knowledge of its presence may be inferred or assumed.
If a person does not have exclusive possession of a thing controlled substance, knowledge of its presence may not be inferred or assumed.
Knowledge of the illicit nature of the controlled substance. Give if applicable. § 893.101(2) and (3), Fla. Stat.
Knowledge of the illicit nature of the controlled substance is not an element of the offense of [insert name of offense charged]. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense. (Defendant) has raised this affirmative defense. However, you are permitted to presume that (defendant) was aware of the illicit nature of the controlled substance if you find that (defendant) was in actual or constructive possession of the controlled substance.
If from the evidence you are convinced that (defendant) knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find (defendant) guilty.
If you have a reasonable doubt on the question of whether (defendant) knew of the illicit nature of the controlled substance, you should find (defendant) not guilty.
See State v. Weller, 590 So.2d 923 (Fla. 1991).
The punishment provided by law for the crime of Trafficking in Cocaine is greater depending on the amount of cannabis involved. Therefore, iIf you find the defendant guilty of tTrafficking in cCocaine, you must further determine by your verdict whether the State has further proved beyond a reasonable doubt that:
Enhanced penalty. Give if applicable up to extent of charge.
a. [The quantity of the substance involved was in excess of 28 grams or more but less than 200 grams.]
b. [The quantity of the substance involved was 200 grams or more but less than 400 grams.]
c. [The quantity of the substance involved was 400 grams or more but less than 150 kilograms.]
d. [The quantity of the substance involved was 150 kilograms or more. but less than 300 kilograms.]

 Lesser Included Offenses
----------------------------------------------------------------------------------------------
 TRAFFICKING IN COCAINE  893.135(1)(b)1 & 2
----------------------------------------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
----------------------------------------------------------------------------------------------
Trafficking offenses requiring
lower quantities of cocaine 893.135(1)(b)1 25.10
----------------------------------------------------------------------------------------------
 Attempt (but not conspiracy), except
 when delivery is charged 777.04(1) 5.1
----------------------------------------------------------------------------------------------
 If sale, manufacture, or delivery is
 charged 893.13(1)(a) 25.2
----------------------------------------------------------------------------------------------
 If purchase is charged 893.13(2)(a)
----------------------------------------------------------------------------------------------
 Bringing cocaine into state 893.13(5)
----------------------------------------------------------------------------------------------
 Possession of cocaine 893.13(6)(a)
----------------------------------------------------------------------------------------------

Comment
This instruction was adopted in 1981 and amended in 1985 [477 So.2d 985], 1987 [509 So.2d 917], 1989 [543 So.2d 1205], and 1997, [697 So.2d 84], and 2007. See also SC03-629 [869 So.2d 1205 (Fla.2004)].

25.11 TRAFFICKING IN ILLEGAL DRUGS

§ 893.135(1)(c), Fla. Stat.
Certain drugs and chemical substances are by law known as "controlled substances." (Specific substance alleged) or any mixture containing (specific substance alleged) is a controlled substance.
To prove the crime of Trafficking in Illegal Drugs, the State must prove the following four elements beyond a reasonable doubt:
1. (Defendant) knowingly
[sold]
[purchased]
[manufactured]
[delivered]
[brought into Florida]
[possessed]
a certain substance.
2. The substance was [morphine] [opium] [oxycodone] [hydrocodone] [hydromorphone] [heroin] [(specific substance alleged)] [a mixture containing [morphine] [opium] [oxycodone] [hydrocodone] [hydromorphone] [heroin] [(specific substance alleged)]].
3. The quantity of the substance involved was 4 grams or more.
See State v. Dominguez, 509 So.2d 917 (Fla.1987).
4. (Defendant) knew that the substance was [morphine] [opium] [oxycodone] [hydrocodone] [hydromorphone] [heroin] [(specific substance alleged)] [a mixture containing [morphine] [opium] [oxycodone] [hydrocodone] [hydromorphone] [heroin] [ (specific substance alleged)]].
If applicable under the facts of the case and pursuant to § 893.135(2), Fla. Stat., the following bracketed language should be given instead of element 4 above. For example, if it is alleged that the defendant intended to sell heroin but actually sold (specific substance alleged), the alternate element 4 would be given.
[4. (Defendant) intended to [sell] [purchase] [manufacture] [deliver] [bring into Florida] [possess] (an enumerated controlled substance in § 893.135(1), Fla. Stat.), but actually [sold] [purchased] [manufactured] [delivered] [brought into Florida] [possessed] (specific substance alleged) or a mixture containing (specific substance alleged).]
*266 Definitions. Give as applicable.
Sell.
"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.
Manufacture. § 893.02(123)(a), Fla. Stat.
"Manufacture" means the production, preparation, packaging, labeling or relabeling, propagation, compounding, cultivating, growing, conversion or processing of a controlled substance, either directly or indirectly. Manufacturing can be by extraction from substances of natural origin, or independently by means of chemical synthesis. It can also be by a combination of extraction and chemical synthesis.
Deliver. § 893.02(5), Fla. Stat.
"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.
Possession.
To "possess" means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.
Possession may be actual or constructive.
Actual possession means:
a. The thing controlled substance is in the hand of or on the person, or
b. The thing controlled substance is in a container in the hand of or on the person, or
c. The thing controlled substance is so close as to be within ready reach and is under the control of the person.
Give if applicable.
Mere proximity to a thing controlled substance is not sufficient to establish control over that thing controlled substance when the thing it is not in a place over which the person has control.
Constructive possession means the thing controlled substance is in a place over which the person (defendant) has control, or in which the person (defendant) has concealed it.
Give if applicable. See Chicone v. State, 684 So.2d 736 (Fla.1996).
If a thing is in a place over which the person does not have control, iIn order to establish constructive possession of a controlled substance if the controlled substance is in a place over which the (defendant) does not have control, the State must prove the person's(defendant's) (1) control over the thing,controlled substance and (2) knowledge that the thingcontrolled substance was within the person's(defendant's) presence, and (3) knowledge of the illicit nature of the thing.
Possession may be joint, that is, two or more persons may jointly have possession of possess an article, exercising control over it. In that case, each of those persons is considered to be in possession of that article.
If a person has exclusive possession of a thing controlled substance, knowledge of its presence may be inferred or assumed.
If a person does not have exclusive possession of a thing controlled substance, knowledge of its presence may not be inferred or assumed.
*267 Knowledge of the illicit nature of the controlled substance. Give if applicable. § 893.101(2) and (3), Fla. Stat.
Knowledge of the illicit nature of the controlled substance is not an element of the offense of [insert name of offense charged]. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense. (Defendant) has raised this affirmative defense. However, you are permitted to presume that (defendant) was aware of the illicit nature of the controlled substance if you find that (defendant) was in actual or constructive possession of the controlled substance.
If from the evidence you are convinced that (defendant) knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find (defendant) guilty.
If you have a reasonable doubt on the question of whether (defendant) knew of the illicit nature of the controlled substance, you should find (defendant) not guilty.
See State v. Weller, 590 So.2d 923 (Fla. 1991).
The punishment provided by law for the crime of Trafficking in Illegal Drugs is greater depending on the amount of (specific substance alleged) involved. Therefore, iIf you find the defendant guilty of tTrafficking in iIllegal dDrugs, you must further determine by your verdict whether the State has proved beyond a reasonable doubt that:
Enhanced penalty. Give if applicable up to extent of charge.
a. [The quantity of the substance involved was in excess of 4 grams or more but less than 14 grams.]
b. [The quantity of the substance involved was 14 grams or more but less than 28 grams.]
c. [The quantity of the substance involved was 28 grams or more but less than 30 kilograms.]
d. [The quantity of the substance involved was 30 kilograms or more.]

 Lesser Included Offenses
--------------------------------------------------------------------------------------------------
 TRAFFICKING IN ILLEGAL DRUGS  893.135(1)(c)1 and 2
--------------------------------------------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
--------------------------------------------------------------------------------------------------
Trafficking offenses requiring
lower quantities of illegal drugs 893.135(1)(c)1 25.11
--------------------------------------------------------------------------------------------------
 Attempt (but not conspiracy), except
 when delivery is charged 777.04(1) 5.1
--------------------------------------------------------------------------------------------------
 If sale, manufacture or delivery is
 charged 893.13(1)(a) 25.2
--------------------------------------------------------------------------------------------------
 If purchase is charged 893.13(2)(a)
--------------------------------------------------------------------------------------------------
 Bringing same illegal drug as charged
 into state 893.13(5)
-------------------------------------------------------------------------------------------------
 Possession of same illegal drug 893.13(6)(a)
-------------------------------------------------------------------------------------------------

*268 Comment
This instruction was adopted in 1981 and amended in 1985 [477 So.2d 985], 1987 [509 So.2d 917], 1989, [543 So.2d 1205], and 1997 [697 So.2d 84], and 2007. See also SC03-629 [869 So.2d 1205 (Fla.2004)].

25.12 TRAFFICKING IN PHENCYCLIDINE

§ 893.135(1)(d), Fla.Stat.
Certain drugs and chemical substances are by law known as "controlled substances." Phencyclidine or any mixture containing phencyclidine is a controlled substance.
To prove the crime of Trafficking in Phencyclidine, the State must prove the following four elements beyond a reasonable doubt:
1. (Defendant) knowingly
[sold]
[purchased]
[manufactured]
[delivered]
[brought into Florida]
[possessed]
a certain substance.
2. The substance was [phencyclidine] [a mixture containing phencyclidine].
3. The quantity of the substance involved was 28 grams or more.
See State v. Dominguez, 509 So.2d 917 (Fla.1987).
4. (Defendant) knew that the substance was [phencyclidine] [a mixture containing phencyclidine].
If applicable under the facts of the case and pursuant to § 893.135(2), Fla. Stat., the following bracketed language should be given instead of element 4 above. For example, if it is alleged that the defendant intended to sell heroin but actually sold phencyclidine, the alternate element 4 would be given.
[4. (Defendant) intended to [sell] [purchase] [manufacture] [deliver] [bring into Florida] [possess] (an enumerated controlled substance in § 893.135(1), Fla. Stat.), but actually [sold] [purchased] [manufactured] [delivered] [brought into Florida] [possessed] phencyclidine or a mixture containing phencyclidine.]
Definitions. Give as applicable.
Sell.
"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.
Manufacture. § 893.02(123)(a), Fla. Stat.
"Manufacture" means the production, preparation, packaging, labeling or relabeling, propagation, compounding, cultivating, growing, conversion or processing of a controlled substance, either directly or indirectly. Manufacturing can be by extraction from substances of natural origin, or independently by means of chemical synthesis. It can also be by a combination of extraction and chemical synthesis.
Deliver. § 893.02(5), Fla.Stat.
"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.
Possession.
To "possess" means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.
*269 Possession may be actual or constructive.
Actual possession means:
a. The thing controlled substance is in the hand of or on the person, or
b. The thing controlled substance is in a container in the hand of or on the person, or
c. The thing controlled substance is so close as to be within ready reach and is under the control of the person.
Give if applicable.
Mere proximity to a thing controlled substance is not sufficient to establish control over that thing controlled substance when the thing it is not in a place over which the person has control.
Constructive possession means the thing controlled substance is in a place over which the person (defendant) has control, or in which the person (defendant) has concealed it.
Give if applicable. See Chicone v. State, 684 So.2d 736 (Fla.1996).
If a thing is in a place over which the person does not have control, iIn order to establish constructive possession of a controlled substance if the controlled substance is in a place over which the (defendant) does not have control, the State must prove the person's (defendant's) (1) control over the thing,controlled substance and (2) knowledge that the thingcontrolled substance was within the person's(defendant's) presence, and (3) knowledge of the illicit nature of the thing.
Possession may be joint, that is, two or more persons may jointly have possession of possess an article, exercising control over it. In that case, each of those persons is considered to be in possession of that article.
If a person has exclusive possession of a thing controlled substance, knowledge of its presence may be inferred or assumed.
If a person does not have exclusive possession of a thing controlled substance, knowledge of its presence may not be inferred or assumed.
Knowledge of the illicit nature of the controlled substance. Give if applicable. § 893.101(2) and (3), Fla. Stat.
Knowledge of the illicit nature of the controlled substance is not an element of the offense of [insert name of offense charged]. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense. (Defendant) has raised this affirmative defense. However, you are permitted to presume that (defendant) was aware of the illicit nature of the controlled substance if you find that (defendant) was in actual or constructive possession of the controlled substance.
If from the evidence you are convinced that (defendant) knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find (defendant) guilty.
If you have a reasonable doubt on the question of whether (defendant) knew of the illicit nature of the controlled substance, you should find (defendant) not guilty.
See State v. Weller, 590 So.2d 923 (Fla. 1991).
The punishment provided by law for the crime of Trafficking in Phencyclidine is greater depending on the amount of phencyclidine involved. Therefore, iIf you find the defendant guilty of tTrafficking in pPhencyclidine, you must further determine by your verdict *270 whether the State has proved beyond a reasonable doubt that:
Enhanced penalty. Give if applicable up to extent of charge.
a. [The quantity of the substance involved was in excess of 28 grams or more but less than 200 grams.]
b. [The quantity of the substance involved was 200 grams or more but less than 400 grams.]
c. [The quantity of the substance involved was 400 grams or more.] but less than 800 grams.]

 Lesser Included Offenses
-----------------------------------------------------------------------------------------------------
 TRAFFICKING IN PHENCYCLIDINE  893.135(1)(d)
-----------------------------------------------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
-----------------------------------------------------------------------------------------------------
Trafficking offenses
requiring lower quantities of
phencyclidine 893.135(1)(d)1.a and b 25.9
------------------------------------------------------------------------------------------------------
 Attempt (but not conspiracy), except
 when delivery is charged 777.04(1) 5.1
------------------------------------------------------------------------------------------------------
 If sale, manufacture or delivery is
 charged 893.13(1)(a) 25.2
------------------------------------------------------------------------------------------------------
 If purchase is charged 893.13(2)(a)
------------------------------------------------------------------------------------------------------
 Bringing phencyclidine into state 893.13(5)
------------------------------------------------------------------------------------------------------
 Possession of phencyclidine 893.13(6)(a)
------------------------------------------------------------------------------------------------------

Comment
This instruction was adopted in 1981 and amended in 1987 [509 So.2d 917], 1989 [543 So.2d 1205], and 1997 [697 So.2d 84], and 2007. See also SC03-629 [869 So.2d 1205 (Fla.2004)].

25.13 TRAFFICKING IN METHAQUALONE

§ 893.135(1)(e), Fla. Stat.
Certain drugs and chemical substances are by law known as "controlled substances." Methaqualone or any mixture containing methaqualone is a controlled substance.
To prove the crime of Trafficking in Methaqualone, the State must prove the following four elements beyond a reasonable doubt:
1. (Defendant) knowingly
[sold]
[purchased]
[manufactured]
[delivered]
[brought into Florida]
[possessed]
a certain substance.
2. The substance was [methaqualone] [a mixture containing methaqualone].
3. The quantity of the substance involved was 28 200 grams or more.
See State v. Dominguez, 509 So.2d 917 (Fla.1987).

*271 4. (Defendant) knew that the substance was [methaqualone] [a mixture containing methaqualone].
If applicable under the facts of the case and pursuant to § 893.135(2), Fla. Stat., the following bracketed language should be given instead of element 4 above. For example, if it is alleged that the defendant intended to sell heroin but actually sold methaqualone, the alternate element 4 would be given.
[4. (Defendant) intended to [sell] [purchase] [manufacture] [deliver] [bring into Florida] [possess] (an enumerated controlled substance in § 893.135(1), Fla.Stat.), but actually [sold] [purchased] [manufactured] [delivered] [brought into Florida] [possessed] methaqualone or a mixture containing methaqualone.]
Definitions. Give as applicable.
Sell.
"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.
Manufacture. § 893.02(13)(a), Fla. Stat.
"Manufacture" means the production, preparation, packaging, labeling or relabeling, propagation, compounding, cultivating, growing, conversion or processing of a controlled substance, either directly or indirectly. Manufacturing can be by extraction from substances of natural origin, or independently by means of chemical synthesis. It can also be by a combination of extraction and chemical synthesis.
Deliver. § 893.02(5), Fla. Stat.
"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.
Possession.
To "possess" means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.
Possession may be actual or constructive.
Actual possession means:
a. The thing controlled substance is in the hand of or on the person, or
b. The thing controlled substance is in a container in the hand of or on the person, or
c. The thing controlled substance is so close as to be within ready reach and is under the control of the person.
Give if applicable.
Mere proximity to a thing controlled substance is not sufficient to establish control over that thing controlled substance when the thing it is not in a place over which the person has control.
Constructive possession means the thing controlled substance is in a place over which the person (defendant) has control, or in which the person (defendant) has concealed it.
Give if applicable. See Chicone v. State, 684 So.2d 736 (Fla.1996).
If a thing is in a place over which the person does not have control, iIn order to establish constructive possession of a controlled substance if the controlled substance is in a place over which the (defendant) does not have control, the State must prove the person's(defendant's) *272 (1) control over the thing,controlled substance and (2) knowledge that the thingcontrolled substance was within the person's(defendant's) presence, and (3) knowledge of the illicit nature of the thing.
Possession may be joint, that is, two or more persons may jointly have possession of possess an article, exercising control over it. In that case, each of those persons is considered to be in possession of that article.
If a person has exclusive possession of a thing controlled substance, knowledge of its presence may be inferred or assumed.
If a person does not have exclusive possession of a thing controlled substance, knowledge of its presence may not be inferred or assumed.
Knowledge of the illicit nature of the controlled substance. Give if applicable. § 893.101(2) and (3), Fla. Stat.
Knowledge of the illicit nature of the controlled substance is not an element of the offense of [insert name of offense charged]. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense. (Defendant) has raised this affirmative defense. However, you are permitted to presume that (defendant) was aware of the illicit nature of the controlled substance if you find that (defendant) was in actual or constructive possession of the controlled substance.
If from the evidence you are convinced that (defendant) knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find (defendant) guilty.
If you have a reasonable doubt on the question of whether (defendant) knew of the illicit nature of the controlled substance, you should find (defendant) not guilty.
See State v. Weller, 590 So.2d 923 (Fla. 1991).
The punishment provided by law for the crime of Trafficking in Methaqualone is greater depending on the amount of methaqualone involved. Therefore, iIf you find the defendant guilty of tTrafficking in mMethaqualone, you must further determine by your verdict whether the State has proved beyond a reasonable doubt that:
Enhanced penalty. Give if applicable up to extent of charge.
a. [The quantity of the substance involved was 200 grams or more but less than 5 kilograms.]
b. [The quantity of the substance involved was 5 kilograms or more but less than 25 kilograms.]
c. [The quantity of the substance involved was 25 kilograms or more.] but less than 50 kilograms.]

 Lesser Included Offenses
-----------------------------------------------------------------------------------------------------
 TRAFFICKING IN METHAQUALONE  893.135(1)(e)1
-----------------------------------------------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
-----------------------------------------------------------------------------------------------------
Trafficking offenses
requiring lower quantities of
methaqualone 893.135(1)(e)1.a and b 25.13
-----------------------------------------------------------------------------------------------------
*273
 Attempt (but not conspiracy), except
 when delivery is charged 777.04(1) 5.1
-----------------------------------------------------------------------------------------------------
 If sale, manufacture or delivery is
 charged 893.13(1)(a) 25.2
-----------------------------------------------------------------------------------------------------
 If purchase is charged 893.13(2)(a)
-----------------------------------------------------------------------------------------------------
 Bringing methaqualone into state 893.13(5)
-----------------------------------------------------------------------------------------------------
 Possession of methaqualone 893.13(6)(a)
-----------------------------------------------------------------------------------------------------

Comment
This instruction was adopted in 1981 and amended in 1987 [509 So.2d 917], 1989 [543 So.2d 1205], and 1997 [697 So.2d 84], and 2007. See also SC03-629 [869 So.2d 1205 (Fla.2004)].

25.14 DRUG ABUSE  USE OR POSSESSION OF DRUG PARAPHERNALIA

§ 893.147(1), Fla. Stat.
To prove the crime of Use or Possession of Drug Paraphernalia, the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) used or had in [his][her] possession with intent to use drug paraphernalia.
2. (Defendant) had knowledge of the presence of the drug paraphernalia.
Definitions.
Possession.
To "possess" means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.
Possession may be actual or constructive.
Actual possession means:
a. The thing paraphernalia is in the hand of or on the person,
b. The thing paraphernalia is in a container in the hand of or on the person, or
c. The thing paraphernalia is so close as to be within ready reach and is under the control of the person.
Give if applicable.
Mere proximity to a thing paraphernalia is not sufficient to establish control over that thing paraphernalia when the thing it is not in a place over which the person has control.
Constructive possession means the thing paraphernalia is in a place over which the person (defendant) has control, or in which the person (defendant) has concealed it.
Give if applicable. See Chicone v. State, 684 So.2d 736 (Fla.1996).
If a thing is in a place over which the person does not have control, iIn order to establish constructive possession of a controlled substance if the controlled substance is in a place over which the (defendant) does not have control, the State must prove the person's(defendant's) (1) control over the thing,controlled substance and (2) knowledge that the thing controlled substance was *274 within the person's(defendant's) presence, and (3) knowledge of the illicit nature of the thing.
Possession may be joint, that is, two or more persons may jointly have possession of possess an article, exercising control over it. In that case, each of those persons is considered to be in possession of that article.
If a person has exclusive possession of a thing paraphernalia, knowledge of its presence may be inferred or assumed.
If a person does not have exclusive possession of a thing paraphernalia, knowledge of its presence may not be inferred or assumed.
Drug Paraphernalia. § 893.145, Fla. Stat.
The term "drug paraphernalia" means all equipment, products, and materials of any kind which are used, intended for use, or designed for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance in violation of this chapter. It includes, but is not limited to:
Give specific definition as applicable.
1. Kits used, intended for use, or designed for use in planting, propagating, cultivating, growing, or harvesting of any species of plant which is a controlled substance or from which a controlled substance can be derived.
2. Kits used, intended for use, or designed for use in manufacturing, compounding, converting, producing, processing, or preparing controlled substances.
3. Isomerization devices used, intended for use, or designed for use in increasing the potency of any species of plant which is a controlled substance.
4. Testing equipment used, intended for use, or designed for use in identifying, or in analyzing the strength, effectiveness, or purity of, controlled substances.
5. Scales and balances used, intended for use, or designed for use in weighing or measuring controlled substances.
6. Diluents and adulterants, such as quinine hydrochloride, mannitol, mannite, dextrose, and lactose used, intended for use, or designed for use in cutting controlled substances.
7. Separation gins and sifters used, intended for use, or designed for use in removing twigs and seeds from, or in otherwise cleaning or refining, cannabis.
8. Blenders, bowls, containers, spoons, and mixing devices used, intended for use, or designed for use in compounding controlled substances.
9. Capsules, balloons, envelopes, and other containers used, intended for use, or designed for use in packaging small quantities of controlled substances.
10. Containers and other objects used, intended for use, or designed for use in storing or concealing controlled substances.
11. Hypodermic syringes, needles, and other objects used, intended for use, or designed for use in parenterally injecting controlled substances into the human body.
12. Objects used, intended for use, or designed for use in ingesting, inhaling, or otherwise introducing cannabis, cocaine, *275 hashish, or hashish oil into the human body, such as:
a. Metal, wooden, acrylic, glass, stone, plastic, or ceramic pipes with or without screens, permanent screens, hashish heads, or punctured metal bowls.
b. Water pipes.
c. Carburetion tubes and devices.
d. Smoking and carburetion masks.
e. Roach clips: meaning objects used to hold burning material, such as a cannabis cigarette, that has become too small or too short to be held in the hand.
f. Miniature cocaine spoons, and cocaine vials.
g. Chamber pipes.
h. Carburetor pipes.
i. Electric pipes.
j. Air-driven pipes.
k. Chillums.

l. Bongs.
m. Ice pipes or chillers.
Relevant factors. § 893.146, Fla. Stat.
In addition to all other logically relevant factors, the following factors shall be considered in determining whether an object is drug paraphernalia:
1. Statements by an owner or by anyone in control of the object concerning its use.
2. The proximity of the object, in time and space, to a direct violation of this act.
3. The proximity of the object to controlled substances.
4. The existence of any residue of controlled substances on the object.
5. Direct or circumstantial evidence of the intent of an owner, or of anyone in control of the object, to deliver it to persons whom [he][she] knows, or should reasonably know, intend to use the object to facilitate a violation of this act. The innocence of an owner, or of anyone in control of the object, as to a direct violation of this act shall not prevent a finding that the object is intended for use, or designed for use, as drug paraphernalia.
6. Instructions, oral or written, provided with the object concerning its use.
7. Descriptive materials accompanying the object which explain or depict its use.
8. Any advertising concerning its use.
9. The manner in which the object is displayed for sale.
10. Whether the owner, or anyone in control of the object, is a legitimate supplier of like or related items to the community, such as a licensed distributor or dealer of tobacco products.
11. Direct or circumstantial evidence of the ratio of sales of the object or objects to the total sales of the business enterprise.
12. The existence and scope of legitimate uses for the object in the community.
13. Expert testimony concerning its use.
Knowledge of the illicit nature of the controlled substance. Give if applicable. § 893.101(2) and (3), Fla. Stat.
Knowledge of the illicit nature of the controlled substance is not an element of the offense of [insert name of offense charged]. Lack of knowledge of the illicit *276 nature of a controlled substance is an affirmative defense. (Defendant) has raised this affirmative defense. However, you are permitted to presume that (defendant) was aware of the illicit nature of the controlled substance if you find that (defendant) was in actual or constructive possession of the controlled substance.
If from the evidence you are convinced that (defendant) knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find (defendant) guilty.
If you have a reasonable doubt on the question of whether (defendant) knew of the illicit nature of the controlled substance, you should find (defendant) not guilty.

 Lesser Included Offenses
----------------------------------------
 POSSESSION OF DRUG PARAPHERNALIA
  893.147(1)
----------------------------------------
CATEGORY CATEGORY FLA. INS.
ONE TWO STAT. NO.
----------------------------------------
None
----------------------------------------
 Attempt 777.04(1) 5.1
----------------------------------------

Comment
This instruction was adopted in 1981 and amended in 1989, 1992 [603 So.2d 1175], and 1997 [697 So.2d 84], and 2007. See also SC03-629 [869 So.2d 1205 (Fla.2004)].

25.15 DRUG ABUSE  DELIVERY, POSSESSION WITH INTENT TO DELIVER, OR MANUFACTURE WITH INTENT TO DELIVER DRUG PARAPHERNALIA

§ 893.147(2), Fla. Stat.
To prove the crime of (crime charged), the State must prove the following (applicable number) elements beyond a reasonable doubt:
1. (Defendant)
[delivered]
[possessed with intent to deliver]
[manufactured with intent to deliver]
drug paraphernalia.
Give only if possession is charged.
2. (Defendant) had knowledge of the presence of the drug paraphernalia.
3. (Defendant) knew or reasonably should have known that the drug paraphernalia would be used to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale or otherwise introduce into the human body (specific substance alleged).
Definitions.
Possession. Give if possession is charged.
To "possess" means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.
Possession may be actual or constructive.
Actual possession means:
a. Tthe thing paraphernalia is in the hand of or on the person,
b. Tthe thing paraphernalia is in a container in the hand of or on the person, or
c. Tthe thing paraphernalia is so close as to be within ready reach and is under the control of the person.
Give if applicable.
Mere proximity to a thing paraphernalia is not sufficient to establish control *277 over that thing paraphernalia when the thing it is not in a place over which the person has control.
Constructive possession means the thing paraphernalia is in a place over which the person (defendant) has control, or in which the person (defendant) has concealed it.
Give if applicable. See Chicone v. State, 684 So.2d 736 (Fla.1996).
If a thing is in a place over which the person does not have control, iIn order to establish constructive possession of a controlled substance if the controlled substance is in a place over which the (defendant) does not have control, the State must prove the person's(defendant's) (1) control over the thing,controlled substance and (2) knowledge that the thingcontrolled substance was within the person's(defendant's) presence, and (3) knowledge of the illicit nature of the thing.
Possession may be joint, that is, two or more persons may jointly have possession of possess an article, exercising control over it. In that case, each of those persons is considered to be in possession of that article.
If a person has exclusive possession of a thing paraphernalia, knowledge of its presence may be inferred or assumed.
If a person does not have exclusive possession of a thing paraphernalia, knowledge of its presence may not be inferred or assumed.
Deliver. Give if delivery is charged. § 893.02(4)(5), Fla.Stat.
"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance paraphernalia, whether or not there is an agency relationship.
Manufacture. Give if manufacture is charged. § 893.02(113)(a), Fla.Stat.
"Manufacture" means the production, preparation, packaging, labeling or relabeling, propagation, compounding, cultivating, growing, conversion or processing of a controlled substance, either directly or indirectly. Manufacturing can be by extraction from substances of natural origin, or independently by means of chemical synthesis. It can also be by a combination of extraction and chemical synthesis.
Drug Paraphernalia. § 893.145, Fla. Stat.
The term "drug paraphernalia" means all equipment, products, and materials of any kind which are used, intended for use, or designed for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance in violation of this chapter. It includes, but is not limited to:
1. Kits used, intended for use, or designed for use in planting, propagating, cultivating, growing, or harvesting of any species of plant which is a controlled substance or from which a controlled substance can be derived.
2. Kits used, intended for use, or designed for use in manufacturing, compounding, converting, producing, processing, or preparing controlled substances.
3. Isomerization devices used, intended for use, or designed for use in increasing the potency of any species of plant which is a controlled substance.

*278 4. Testing equipment used, intended for use, or designed for use in identifying, or in analyzing the strength, effectiveness, or purity of, controlled substances.
5. Scales and balances used, intended for use, or designed for use in weighing or measuring controlled substances.
6. Diluents and adulterants, such as quinine hydrochloride, mannitol, mannite, dextrose, and lactose used, intended for use, or designed for use in cutting controlled substances.
7. Separation gins and sifters used, intended for use, or designed for use in removing twigs and seeds from, or in otherwise cleaning or refining, cannabis.
8. Blenders, bowls, containers, spoons, and mixing devices used, intended for use, or designed for use in compounding controlled substances.
9. Capsules, balloons, envelopes, and other containers used, intended for use, or designed for use in packaging small quantities of controlled substances.
10. Containers and other objects used, intended for use, or designed for use in storing or concealing controlled substances.
11. Hypodermic syringes, needles, and other objects used, intended for use, or designed for use in parenterally injecting controlled substances into the human body.
12. Objects used, intended for use, or designed for use in ingesting, inhaling, or otherwise introducing cannabis, cocaine, hashish, or hashish oil into the human body, such as:
a. Metal, wooden, acrylic, glass, stone, plastic, or ceramic pipes with or without screens, permanent screens, hashish heads, or punctured metal bowls.
b. Water pipes.
c. Carburetion tubes and devices.
d. Smoking and carburetion masks.
e. Roach clips: meaning objects used to hold burning material, such as a cannabis cigarette, that has become too small or too short to be held in the hand.
f. Miniature cocaine spoons, and cocaine vials.
g. Chamber pipes.
h. Carburetor pipes.
i. Electric pipes.
j. Air-driven pipes.
k. Chillums.

l. Bongs.
m. Ice pipes or chillers.
Relevant factors. § 893.146, Fla. Stat.
In addition to all other logically relevant factors, the following factors shall be considered in determining whether an object is drug paraphernalia:
1. Statements by an owner or by anyone in control of the object concerning its use.
2. The proximity of the object, in time and space, to a direct violation of this act.
3. The proximity of the object to controlled substances.
4. The existence of any residue of controlled substances on the object.
5. Direct or circumstantial evidence of the intent of an owner, or of anyone in control of the object, to deliver it to persons whom [he][she] knows, or should reasonably know, *279 intend to use the object to facilitate a violation of this act. The innocence of an owner, or of anyone in control of the object, as to a direct violation of this act shall not prevent a finding that the object is intended for use, or designed for use, as drug paraphernalia.
6. Instructions, oral or written, provided with the object concerning its use.
7. Descriptive materials accompanying the object which explain or depict its use.
8. Any advertising concerning its use.
9. The manner in which the object is displayed for sale.
10. Whether the owner, or anyone in control of the object, is a legitimate supplier of like or related items to the community, such as a licensed distributor or dealer of tobacco products.
11. Direct or circumstantial evidence of the ratio of sales of the object or objects to the total sales of the business enterprise.
12. The existence and scope of legitimate uses for the object in the community.
13. Expert testimony concerning its use.
Knowledge of the illicit nature of the controlled substance. Give if applicable. § 893.101(2) and (3), Fla. Stat.
Knowledge of the illicit nature of the controlled substance is not an element of the offense of [insert name of offense charged]. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense. (Defendant) has raised this affirmative defense. However, you are permitted to presume that (defendant) was aware of the illicit nature of the controlled substance if you find that (defendant) was in actual or constructive possession of the controlled substance.
If from the evidence you are convinced that (defendant) knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find (defendant) guilty.
If you have a reasonable doubt on the question of whether (defendant) knew of the illicit nature of the controlled substance, you should find (defendant) not guilty.

 Lesser Included Offenses
-------------------------------------------
 DELIVERY, POSSESSION WITH INTENT
 TO DELIVER, OR MANUFACTURE WITH
 INTENT TO DELIVER DRUG
 PARAPHERNALIA  893.147(2)
-------------------------------------------
CATEGORY CATEGORY FLA. INS.
ONE TWO STAT. NO.
-------------------------------------------
None
-------------------------------------------
 Attempt, except 777.04(1) 5.1
 when delivery is
 charged

Comment
This instruction was adopted in 1981 and amended in 1989, and 1997 [697 So.2d 84], and 2007. See also SC03-629 [869 So.2d 1205 (Fla.2004)].

25.16 DRUG ABUSE  DELIVERY OF DRUG PARAPHERNALIA TO A MINOR

§ 893.147(3), Fla.Stat.
To prove the crime of Delivery of Drug Paraphernalia to a Minor, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) delivered drug paraphernalia to (person alleged).
2. (Defendant) knew or reasonably should have known that the drug paraphernalia would be used to plant, propagate, cultivate, grow, *280 harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale or otherwise introduce into the human body (specific substance alleged).
3. When the delivery was made, (defendant) was 18 years old or over and (person alleged) was under 18 years old.
Definitions.
Deliver. § 893.02(4)(5), Fla. Stat.
"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance paraphernalia, whether or not there is an agency relationship.
Drug Paraphernalia. § 893.145, Fla. Stat.
The term "drug paraphernalia" means all equipment, products, and materials of any kind which are used, intended for use, or designed for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance in violation of this chapter. It includes, but is not limited to:
1. Kits used, intended for use, or designed for use in planting, propagating, cultivating, growing, or harvesting of any species of plant which is a controlled substance or from which a controlled substance can be derived.
2. Kits used, intended for use, or designed for use in manufacturing, compounding, converting, producing, processing, or preparing controlled substances.
3. Isomerization devices used, intended for use, or designed for use in increasing the potency of any species of plant which is a controlled substance.
4. Testing equipment used, intended for use, or designed for use in identifying, or in analyzing the strength, effectiveness, or purity of, controlled substances.
5. Scales and balances used, intended for use, or designed for use in weighing or measuring controlled substances.
6. Diluents and adulterants, such as quinine hydrochloride, mannitol, mannite, dextrose, and lactose used, intended for use, or designed for use in cutting controlled substances.
7. Separation gins and sifters used, intended for use, or designed for use in removing twigs and seeds from, or in otherwise cleaning or refining, cannabis.
8. Blenders, bowls, containers, spoons, and mixing devices used, intended for use, or designed for use in compounding controlled substances.
9. Capsules, balloons, envelopes, and other containers used, intended for use, or designed for use in packaging small quantities of controlled substances.
10. Containers and other objects used, intended for use, or designed for use in storing or concealing controlled substances.
11. Hypodermic syringes, needles, and other objects used, intended for use, or designed for use in parenterally injecting controlled substances into the human body.

*281 12. Objects used, intended for use, or designed for use in ingesting, inhaling, or otherwise introducing cannabis, cocaine, hashish, or hashish oil into the human body, such as:
a. Metal, wooden, acrylic, glass, stone, plastic, or ceramic pipes with or without screens, permanent screens, hashish heads, or punctured metal bowls.
b. Water pipes.
c. Carburetion tubes and devices.
d. Smoking and carburetion masks.
e. Roach clips: meaning objects used to hold burning material, such as a cannabis cigarette, that has become too small or too short to be held in the hand.
f. Miniature cocaine spoons, and cocaine vials.
g. Chamber pipes.
h. Carburetor pipes.
i. Electric pipes.
j. Air-driven pipes.
k. Chillums.
l. Bongs.
m. Ice pipes or chillers.
Relevant factors. § 893.146, Fla. Stat.
In addition to all other logically relevant factors, the following factors shall be considered in determining whether an object is drug paraphernalia:
1. Statements by an owner or by anyone in control of the object concerning its use.
2. The proximity of the object, in time and space, to a direct violation of this act.
3. The proximity of the object to controlled substances.
4. The existence of any residue of controlled substances on the object.
5. Direct or circumstantial evidence of the intent of an owner, or of anyone in control of the object, to deliver it to persons whom he knows, or should reasonably know, intend to use the object to facilitate a violation of this act. The innocence of an owner, or of anyone in control of the object, as to a direct violation of this act shall not prevent a finding that the object is intended for use, or designed for use, as drug paraphernalia.
6. Instructions, oral or written, provided with the object concerning its use.
7. Descriptive materials accompanying the object which explain or depict its use.
8. Any advertising concerning its use.
9. The manner in which the object is displayed for sale.
10. Whether the owner, or anyone in control of the object, is a legitimate supplier of like or related items to the community, such as a licensed distributor or dealer of tobacco products.
11. Direct or circumstantial evidence of the ratio of sales of the object or objects to the total sales of the business enterprise.
12. The existence and scope of legitimate uses for the object in the community.
13. Expert testimony concerning its use.
Knowledge of the illicit nature of the controlled substance. Give if applicable. § 893.101(2) and (3), Fla. Stat.
Knowledge of the illicit nature of the controlled substance is not an element *282 of the offense of [insert name of offense charged]. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense. (Defendant) has raised this affirmative defense. However, you are permitted to presume that (defendant) was aware of the illicit nature of the controlled substance if you find that (defendant) was in actual or constructive possession of the controlled substance.
If from the evidence you are convinced that (defendant) knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find (defendant) guilty.
If you have a reasonable doubt on the question of whether (defendant) knew of the illicit nature of the controlled substance, you should find (defendant) not guilty.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 1981 and amended in 1989, and 2007. See also SC03-629 [869 So.2d 1205 (Fla.2004)].

11.10(a) LEWD OR LASCIVIOUS BATTERY (ENGAGING IN SEXUAL ACTIVITY)

§ 800.04(4)(a), Fla. Stat.
To prove the crime of Lewd or Lascivious Battery, the State must prove the following two elements beyond a reasonable doubt:
1. (Victim) was twelve years of age or older, but under the age of sixteen years.
2. (Defendant)
a. [committed an act [upon] [with] (victim) in which the sexual organ of the [(defendant)] [(victim)] penetrated or had union with the [anus] [vagina] [mouth] of the [(victim)] [(defendant)].]
b. [committed an act upon (victim) in which the [anus] [vagina] of (victim) was penetrated by an object.]
Definition.
"Union" means contact.
However, any act done for bona fide medical purposes is not a lewd or lascivious battery.
Neither the victim's lack of chastity nor victim's consent is a defense to the crime charged.
The defendant's ignorance of victim's age, victim's misrepresentation of his or her age, or the defendant's bona fide belief of victim's age is not a defense to the crime charged.

 Lesser Included Offenses
---------------------------------------------------
 LEWD OR LASCIVIOUS BATTERY (ENGAGING IN
 SEXUAL ACTIVITY)  800.04(4)(a)
---------------------------------------------------
CATEGORY CATEGORY FLA. INS.
ONE TWO STAT. NO.
---------------------------------------------------
None
---------------------------------------------------
 Attempt 777.04(1) 5.1
---------------------------------------------------
 Assault 784.011 8.1
---------------------------------------------------
 Battery 784.03 8.3
---------------------------------------------------
 Unnatural and lascivious
 act 800.02 11.8
---------------------------------------------------

Comment

This instruction was adopted in 2007.

11.10(b) LEWD OR LASCIVIOUS BATTERY (ENCOURAGING, FORCING OR ENTICING)

§ 800.04(4)(b), Fla. Stat.
To prove the crime of Lewd or Lascivious battery, the State must prove the following two elements beyond a reasonable doubt:
1. (Victim) was under the age of sixteen years.

*283 2. (Defendant) [encouraged] [forced] [enticed] (victim) to engage in [sadomasochistic abuse] [sexual bestiality] [prostitution] [any act involving sexual activity].
Definitions.
"Sexual activity" means the oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual activity does not include an act done for a bona fide medical purpose.
"Union" means contact.
§ 827.071(d) and § 847.001(13), Fla. Stat.
"Sadomasochistic abuse" means flagellation or torture by or upon a person, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction from inflicting harm on another or receiving such harm oneself.
§ 827.071(f) and § 847.001(15), Fla. Stat.
"Sexual bestiality" means any sexual act between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.
Neither the victim's lack of chastity nor victim's consent is a defense to the crime charged.
The defendant's ignorance of victim's age, victim's misrepresentation of his or her age, or the defendant's bona fide belief of victim's age is not a defense to the crime charged.

 Lesser Included Offenses
---------------------------------------------------
 LEWD OR LASCIVIOUS BATTERY
 (ENCOURAGING, FORCING OR ENTICING)
  800.04(4)(b)
---------------------------------------------------
CATEGORY CATEGORY FLA. INS.
ONE TWO STAT. NO.
---------------------------------------------------
None
---------------------------------------------------
 Attempt 777.04(1) 5.1
---------------------------------------------------
 Assault 784.011 8.1
---------------------------------------------------
 Battery 784.03 8.3
---------------------------------------------------
 Unnatural and lascivious
 act 800.02 11.8
---------------------------------------------------

Comment
This instruction was adopted in 2007.
NOTES
[1] The report was in response to this Court's opinion in Standard Jury Instructions in Criminal Cases (2003-1), 869 So.2d 1205 (Fla. 2004), in which the Court declined to authorize the Committee's previous proposals as to these instructions and requested that the Committee submit revised proposals. 869 So.2d at 1206.
[2] The Committee additionally recommends updating the trafficking instructions to include the current proscribed amounts of drugs involved and recommends updating instruction 25.6, Contraband in Specified Locations, to include additional locations and distances in accordance with current legislation. See § 893.13(1)(c)-(f), Fla. Stat. (2006). Other editorial, grammatical, and stylistic changes are proposed throughout these instructions.
[3] Section 800.04(4)-(7), Florida Statutes (2006), set forth the offenses of lewd or lascivious battery, lewd or lascivious molestation, lewd or lascivious conduct, and lewd or lascivious exhibition.
[4] The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www. floridasupremecourt.org/jury_instructions/ instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.