PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases petitions this Court to consider amendments to the Florida Standard Jury Instructions in Criminal Cases. We have jurisdiction. See art. Y, § 2(a), Fla. Const.
On April 8, 2003, the Committee submitted a Supplemental Report which included four proposals: (1) revised instructions on drug abuse offenses; (2) revised instructions for offenses based on lewd and lascivious conduct; (3) a revised instruction on justifiable use of force by law enforcement; and (4) removal of an obsolete drug abuse instruction.
Prior to the submission of the Supplemental Report, proposals 1 and 2 were published for comment in the September 15, 2002, edition of The Florida Bar News, and proposal 3 was published in the November 1, 2002, edition of The Florida Bar News. No comments were received regarding any of these proposals. After the Sup *1206 plemental Report was submitted to the Court, all four proposals were published in the June 1, 2003, edition of The Florida Bar News. One comment was received pertaining to proposal 1.
Upon consideration, we hereby authorize the publication and use of the revised instruction on justifiable use of force by law enforcement (proposal 3) and the removal of the obsolete drug abuse instruction (proposal 4), as set forth in the appendix attached to this opinion. In doing so, we express no opinion on the correctness of these instructions and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of these instructions. We further caution all interested parties that the notes and comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall be effective when this opinion becomes final. New language is indicated by underlining, and deletions are indicated by struck-through type.
We decline to authorize for publication or use proposals 1 and 2 and refer them to the Committee for further study. Based on comments made by the Florida House of Representatives Committee on the Judiciary on proposal 1, the Committee should revise this instruction to reflect the fact that the absence of knowledge of the illicit nature of a controlled substance is an affirmative defense and to reflect the permissive presumption of the existence of such knowledge that arises from proof of possession of a controlled substance. As to proposal 2, the Committee should reexamine the proposed instructions in light of section 800.04, subsections (2) and (3), Florida Statutes (2003). The Committee should revise the proposed instructions, where appropriate, to reflect the enumerated prohibited defenses as well as the other specified circumstances which cannot be raised as defenses to crimes charged under section 800.04.
It is so ordered.
ANSTEAD, C.J., and WELLS, PARIENTE, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
APPENDIX
Proposal 3. Revised instruction on justifiable use of force by law enforcement
3.6(h) JUSTIFIABLE USE OF FORCE BY LAW ENFORCEMENT OFFICER

In making an arrest of a felon § 776.05, FlaStat. Give if applicable

A law enforcement officer, or any person [he][she] has summoned or directed to assist [him][her], need not retreat from or stop efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. The officer is justified in the use of any force that [he][she] reasonably believes necessary to defend [himself] [herself] or another from bodily harm while making the arrest. That force is also justifiable when necessarily used
1. in retaking a felon who has escaped or
2. in arresting a felon who is fleeing from justice.

Force in making unlawful arrest prohibited § 776.051(2), Fla.Stat.

Use of any force by a law enforcement officer or any person summoned or directed to assist the law enforcement officer is not justified if

Give if applicable

1. the arrest is unlawful and
*1207 2. it is known by the officer or the person assisting [him] [her] to be unlawful.
In making an arrest of-a-fleeing felon. Give 1 or 2as-appUeable-. — Define-felón
In arresting — a—Mon-^who is fleeing from justiceran-officer-is-justified in the use of any force if
U — the—officer—reasonably—believes that — the fleeing felon poses — a threat of death or serious physical harm to the officer-or others;-or-
2, — the—officer—reasonably—believes that the-fleeing-felon has committed a crime involv-ing-the-infliction or the threatened infliction of serious physical harm to another per-

To prevent escape from custody § 776.07(1), FlaStat Give if applicable

A law enforcement officer or other person who has an arrested person in [his][her] custody is justified in the use of any force that [he][she] reasonably believes to be necessary to prevent the escape of the arrested person from custody.

To prevent escape from penal institution § 776.07(2), FlaStat. Give if applicable

A guard or other law enforcement officer is justified in the use of any force that [he][she] reasonably believes to be necessary to prevent an escape from a penal institution of a person the officer reasonably believes is lawfully detained.

Give if applicable

“Deadly force” includes, but is not limited to
1. firing a firearm in the direction of the person to be arrested, even though no intent exists to kill or
inflict great bodily harm; and § 776.06(1)(a), FlaStat.
2. firing a firearm at a vehicle in which the person to be arrested is riding. § 776.06(l)(b), FlaStat.

Definition; give if applicable

A “firearm” is legally defined as (adapt from § 790.001(6), Fla.Stat., as required by allegations).
Proposal 4. Removal of an obsolescent drug abuse instruction
DRUG ABUSE — POSSESSION ON OR NEAR SCHOOL
F,S,893.13(l)(e)
Before you can — find—the- defendant gailty-oi--(crime - charged) the State must prove the following three elements beyond a reasonable doubt:
Elements
4, — (Defendant)
{sold]
[purchased]
[manufactured]
[delivered]
[possessed with intent to sell]
[possessed with intent to purchase]
[possessed with intent to manufacture]
{possessed-w-ith-intent-to-deliver-}
2, — a—controlled—substance—(specific substance alleged)
3, — in, on, or within 1000 feet of the real property comprising a public or private elementary, middle, or secondary-school,
Definitions; give as applicable
gep
“Sell” means to transfer or-deliver-something -to — another person in exchange for money or something of value
*1208 or a promise of money or something of value.
Deliver F.S. 893.02(5)-
“Deliver” or “delivery— means the-actual, constructive» or attempted transfer from one person to-another of a controlled- substance» whether or not-there is an agency relationship,
Possession
To “possess” means to have personal charge-of or exercise the-right of ownership, management or control over the thing-possessedv
Possession may be actual or construe-
Actual possession means
(a-)-the thing is in the hand of or on the person» or
(b) the thing is in -a container in the hand of or on the-person, or
(c) the thing is so close as to be within-ready reaeh-and is under the control of the person.
Give if applicable
Mere proximity to a thing is not sufficient to establish control-over that thing when-the thing is -not-in a place-over which the person has control.
Constructive — possession—means—Hie thing is in a place over which the person has control, or in which the person has concealed it.
Give if applicable
See Ghieone v. State, 684 So.2d 736 (Fla. 4996)
If a thing is in a place over which the person-does not-have control, in order to establish — constructive—possession—the State-must-prove-the person’s (1) control over the thing» (2) knowledge that the thing-was within the person’s presence, and (3) knowledge of the illicit nature of the thing.
Possession may be joint, that is, two or more -persons may — jointly have-possession of an article, exercising control over it, — In that — case, each of those persons is-considered to-be in possession of that article, 1
If a person has exclusive possession of a thing, knowledge of its presence may be inferred or assumed.
If a -person does not -have exclusive possession-of a thing, knowledge of its presence -may not be inferred or assumed.
Note to Judge:
If the defense seefcs-to-show a-laek-of knowledge-as to the nature of a particular drug, an additional-instruction may-be-re-quir-ed, — See State v. Medlinr-2n-%-§Qt24 394 (Fla.1973).