CANADY, J.,
concurring in part and dissenting in part.
I concur with the majority’s decision to adopt amendments to Standard Jury Instructions in Criminal Cases 25.9 through 24.13 — with the exception of the majority’s adoption of the instruction that states: “If you have a reasonable doubt on the question of whether defendant knew of the illicit nature of the controlled substancé, you should find defendant not guilty.” Majority op. at 1211. While Florida law is clear that the defendant must carry the burden of production regarding the affirmative defense of lack of knowledge of the illicit nature of a controlled substance, Florida law is not settled as to which party bears the burden of proof once the affirmative defense is raised. Because this point of law is unsettled, this Court should defer addressing the contested issue until presented with a proper case for adjudication. Accordingly, I dissent from the majority’s decision to approve the above instruction.
In two seminal decisions regarding affirmative defenses — Patterson v. New York, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), and Dixon v. United States, 548 U.S. 1, 126 S.Ct. 2437, 165 L.Ed.2d 299 (2006)-the United States Supreme Court concluded that the individual states have discretion to allocate the burden of proof regarding an affirmative defense in a criminal offense. In reviewing the constitutionality of the affirmative defense of extreme emotional c
We thus decline to adopt as a constitutional imperative, operative countrywide, that a State must disprove beyond a reasonable doubt every fact constituting any and all affirmative defenses related to the culpability of an accused. Traditionally, due process has required that only the most basic procedural safeguards be observed; more subtle balancing of society’s interests against those of the accused have been left to the legislative branch. We therefore will not disturb the balance struck in previous cases holding that the Due Process Clause requires the prosecution to prove beyond a reasonable doubt all of the elements included in the definition of the offense of which the defendant is charged. Proof of the nonexistence of all affirmative defenses has never been constitutionally required; and we perceive no. reason to fashion such a rule in this ease and apply it to the statutory defense at issue here.
Patterson, 432 U.S. at 210, 97 S.Ct. 2319. The Supreme Court explained that “[t]o recognize at all a mitigating circumstance does not require the State to prove its nonexistence in each case in which the fact is put in issue, if in its judgment this would be too cumbersome, too expensive, and too inaccurate.” Id. at 209, 97 S.Ct. 2319 (footnote omitted). Rather, once “the state shall have proved enough to make it just for the defendant to be required to repel what has been proved with excuse or explanation,” the state may shift the burden of proof in keeping with the “balancing of convenience or of the opportunities for knowledge.” Id. at 203 n. 9, 97 S.Ct. 2319 (quoting Morrison v. California, 291 U.S. 82, 88-89, 54 S.Ct. 281, 78 L.Ed. 664 (1934)).
Similarly in Dixon, the Supreme Court concluded that neither the constitution nor the “modern common 'law requires” the prosecution to bear the burden of disproving beyond a reasonable doubt a defendant’s claim of duress. 548 U.S. at 8, 126 S.Ct. 2437. Instead, the Supreme Court concluded that the determination of the appropriate burden of proof for the affirmative defense of duress was a question of legislative intent. The Supreme Court explained that “[ajssuming that a defense of *1216 duress is available to the statutory crimes at issue, then, we must determine what that defense would look like as Congress ‘may have contemplated’ it.” Id. at 13, 126 S.Ct. 2437 (footnote omitted). Ultimately, the Supreme Court concluded that in “the context of the firearms offenses at issue— as will usually be the case, given the long-established common-law rule — we presume that Congress intended the petitioner to bear the burden of proving the defense of duress by a preponderance of the evidence.” Id. at 17, 126 S.Ct. 2437.
In the recent decision, Smith v. United States, — U.S. -, 133 S.Ct. 714, 184 L.Ed.2d 570 (2013), the Supreme Court reiterated that the allocation of the burden of proof of an affirmative defense is a question of legislative intent. In considering the affirmative defense of withdrawal from a conspiracy, the Supreme Court explained that where an affirmative defense ‘“excuse[s] conduct that would otherwise be punishable,’ but ‘does not controvert any of the elements of the offense itself,’ the Government has no constitutional duty to overcome the defense beyond a reasonable doubt.” Id. at 719 (quoting Dixon, 548 U.S. at 6, 126 S.Ct. 2437). The Supreme Court further explained that a legislature’s decision to place the burden of proof of an affirmative defense on a defendant “is both practical and fair,” particularly “ ‘where the facts with regard to an issue lie peculiarly in the knowledge of [the defendant.]’ ” Id. at 720 (quoting Dixon, 548 U.S. at 9, 126 S.Ct. 2437); see also Smith v. State, 521 So.2d 106, 107 (Fla.1988) (“There was no constitutional infirmity in the old standard jury instruction because there is no denial of due process to place the burden of proof of insanity on the defendant.”).
Because the Due Process Clauses of the Florida and United States Constitutions do not impose a burden on the State to disprove beyond a reasonable doubt a criminal defendant’s prima facie evidence of an affirmative defense, the burden of proof regarding an affirmative defense is a question of statutory interpretation, not constitutional mandate. Unlike many states, see, e.g., N.Y. Penal Law § 25(2) (McKinney 2012), Florida has not enacted a comprehensive statute that defines the burden of proof for all affirmative defenses in all criminal actions. In the context of drug offenses under chapter 893, however, the Legislature has placed at least the burden of production — and arguably the burden of proof — regarding an affirmative defense on the defendant. Section 893.10(1), Florida Statutes (2012), provides:
It is not necessary for the state to negative any exemption or exception set forth in this chapter in any indictment, information, or other pleading or in any trial, hearing, or other proceeding under this chapter, and the burden of going forward with the evidence with respect to any exemption or exception is upon the person claiming its benefit.
(Emphasis added.) Still, the plain language of section 893.10(1) — without judicial interpretation — does not resolve with certainty the question of which party bears the burden of proof of an affirmative defense to a chapter 893 offense.
The predecessor to this statute, section 398.20, Florida Statutes (1967), placed the “burden of proof of any ... exemption, excuse, proviso, or exception” upon the defendant, see Falcon v. State, 226 So.2d 399, 400 (Fla.1969), but the current statute, section 893.10, states that the “burden of going forward with the evidence” is on the defendant.
The Florida courts have not yet reached a consensus regarding the interpretation of this statutory provision. Without explicitly citing to section 893.10, one district court of appeal has observed, in dicta, that *1217 in the context of a drug offense, the “defendant has the burden of going forward to show that the affirmative defense exists and the burden then shifts to the state to prove the nonexistence of the defense beyond a reasonable doubt.” Royal v. State, 784 So.2d 1210, 1211 (Fla. 5th DCA 2001). But in contrast, in Purifoy v. State, 359 So.2d 446, 448 (Fla.1978), this Court distinguished affirmative defenses from defenses challenging the proof of the elements of the offense and stated, in dicta, that the defendant bears the burden of proof regarding an affirmative defense.
No Florida appellate court has addressed the effect of section 893.10(1) in the specific context of the affirmative defense of lack of knowledge of the illicit nature of a controlled substance. In State v. Adkins, 96 So.3d 412, 423 (Fla.2012), this Court determined that pursuant to section 893.101, Florida Statutes (2002), “the State is not required to prove that the defendant had knowledge of the illicit nature of the controlled substance in order to convict the defendant” of a chapter 893 offense and that “the Legislature’s decision to make the absence of knowledge of the illicit nature of the controlled substance an affirmative defense is constitutional.” But this Court did not consider in that case whether the burden of proof of the affirmative defense may shift back to the State after a defendant satisfies his burden of production. Nor did this Court consider what standard — preponderance or clear and convincing evidence — should apply if the defendant must satisfy the burden of proof.
In Burnette v. State, 901 So.2d 925, 928 (Fla. 2d DCA 2005), the Second District Court of Appeal concluded that the trial court erred “by failing to inform the jury that Burnette’s lack of knowledge of the illicit nature of the substance was a defense to the possession charge,” but again the court did not set out a proposed instruction for the affirmative defense. See also Quick v. State, 46 So.3d 1159, 1161 (Fla. 4th DCA 2010) (concluding that trial court erred by failing to instruct jury on affirmative defense of lack of knowledge of the illicit nature of a controlled substance).
Because the burden of proof regarding the affirmative defense of lack of knowledge has not yet been adjudicated in a case squarely presenting the issue, I dissent from the majority’s decision to amend instructions 25.9 through 24.13 to include the directive that “[i]f you have a reasonable doubt on the question of whether defendant knew of the illicit nature of the controlled substance, you should find defendant not guilty.” Majority op. at 1211.
I would adopt an instruction similar to those adopted in In re Standard Jury Instructions in Criminal Cases-Report No. 2011-05, - So.3d -, 2012 WL 5869675 (Fla.2012). In that case — which authorized for publication new jury instructions for the affirmative defenses of temporary possession of a controlled substance for legal disposal and controlled substance was lawfully obtained from a practitioner or pursuant to a valid prescription — this Court acknowledged an “absence of case law” deciding the burden of proof regarding an affirmative defense in a chapter 893 offense and approved instructions that allow trial judges to resolve the issue “via a special instruction.” Id. at -.
POLSTON, C.J., concurs.
*1218 APPENDIX
25.9 TRAFFICKING IN CANNABIS
§ 893.135(l)(a), Fla. Stat.
Certain drugs and chemical substances are by law known as “controlled substances.” Cannabis is a controlled substance.
To prove the crime of Trafficking in Cannabis, the State must prove the following fourthree elements beyond a reasonable doubt:
1. (Defendant) knowingly
[sold]
[purchased]
[manufactured]
[delivered]
[brought into Florida]
[possessed]
a certain substance.
2. The substance was cannabis.
3. The quantity of the cannabis involved — was [in excess of[weighed more than 25 pounds] [constituted 300 or more of cannabis plants].
See State v. Dominguez, 509 So.2d 917 (Fla.1987).
4 — (Defendant) knew that the substance-was cannabis.

If applicable under the facts of the case and pursuant to § 893.135(2), Fla. Stat., instructions on the following elements 1 and 2bracketed language should be given instead of elements k 1 and 2 above. For example, if it is alleged that the defendant intended to sell heroin but actually sold cannabis, the alternate instructions on elements k 1 and 2 below would be given.

⅛ — (Defendant)—intended—to—[sell] [purchase] [manufacture] [deliver] [bring-into Florida-]- [possess-] — (-an enumerated controlled substance in ■§ 893-.-135(l), Fla. Stat.), but actually [sold] [purchased] — [manufactured] [delivered] [brought into Florida] [possessed] cannabis.]
1. (Defendant) intended to [sell] [purchase] [manufacture] [deliver] [bring into Florida] [possess] (an enumerated controlled substance in § 893.135(1), Fla. Stat.),
2. The defendant actually [sold] [purchased] [manufactured] [delivered] [brought into Florida] [possessed] cannabis.

Definitions. Give as applicable.

Cannabis. § 893.02(3), Fla. Stat.

“Cannabis” means all parts of any plant of the genus Cannabis whether growing or not.

Sell.

“Sell” means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.

Manufacture. § 893.02(13)(a), Fla. Stat.

“Manufacture” means the production, preparation, packaging, labeling or relabeling, propagation, compounding, cultivating, growing, conversion or processing of a controlled substance, either directly or indirectly. Manufacturing can be by extraction from substances of natural origin, or independently by means of chemical synthesis. It can also be by a combination of extraction and chemical synthesis.

Deliver. § 893.02(5), Fla. Stat.

“Deliver” or “delivery” means the actual, constructive, or attempted transfer from one person to another of a con *1219 trolled substance, whether or not there is an agency relationship.

Possession.

To “possess” means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.
Possession may be actual or constructive.
Actual possession means:
a. The controlled substance is in the hand of or on the person, or
b. The controlled substance is in a container in the hand of or on the person, or
c. The controlled substance is so close as to be within ready reach and is under the control of the person.

Give if applicable.

Mere proximity to a controlled substance is not sufficient to establish control over that controlled substance when it is not in a place over which the person has control.
Constructive possession means the controlled substance is in a place over which the (defendant) has control, or in which the (defendant) has concealed it.
In order to establish constructive possession of a controlled substance if the controlled substance is in a place over which the (defendant) does not have control, the State must prove the (defendant’s) (1) control over the controlled substance and (2) knowledge that the controlled substance was within the (defendant’s) presence.
Possession may be joint, that is, two or more persons may jointly possess an article, exercising control over it. In that case, each of those persons is considered to be in possession of that article.
If a person has exclusive possession of a controlled substance, knowledge of its presence may be inferred or assumed.

A special instruction is necessary where the premises is jointly occupied and the contraband is located in a common area, in plain view, and in the presence of the owner or occupant. See Duncan v. State, 986 So.2d 653 (Fla, 4th DCA 2008).

If a person does not have exclusive possession of a controlled substance, knowledge of its presence may not be inferred or assumed.

Knowledge of the illicit nature of the controlled substance. Give if applicable. § 893.101(2) and (3), Fla. Stat.

Knowledge of the-illicit nature of the controlled substance-is not an element of-the-offense of [insert name of offense charged]. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense to Trafficking in Cannabis. (-Defendant) has raised-this affirmative-defense. The defendant has raised this defense. However, yYou are permitted to presume that (defendant) was aware of the illicit nature of the controlled substance if you find that (defendant) was in actual or constructive possession of the controlled substance.
If you have a reasonable doubt on the question of whether (defendant) knew of the illicit nature of the controlled substance, you should find (defendant) not guilty.

Give if applicable. See McMillon v. State, 813 So.2d 56 (Fla.2002).

*1220 You are permitted to infer that a person who sells a controlled substance knows of its illicit nature.

See State v. Weller, 590 So.2d 923 (Fla.1991).

If you find the defendant guilty of Trafficking in Cannabis, you must further determine by your verdict whether the State has proved beyond a reasonable doubt that:

Enhanced penalty. See § 893.135(l)(a)l.-3., Fla. Stat. to verify the weights or amounts specified in the statute, as determined by the date of the offense. Give if applicable up to extent of charge.

a.[The cannabis quantity of-the substance involved was [in excess of weighed more than 25 pounds but less than 2,000 pounds.] [constituted 300 or more cannabis plants but not more than 2,000 cannabis plants.]]
b. [The cannabis quantity of the substance-involved-was [weighed 2,000 pounds or more but less than 10,-000 pounds.] [constituted 2,000 or more cannabis plants but not more than 10,000 cannabis plants.]]
c. [The cannabis quanthy-of the substance-involved-was [weighed 10,-000 pounds or more.] [constituted 10,000 or more cannabis plants.]
Lesser Included Offenses
[[Image here]]
Comment
Trafficking can be committed by sale, purchase, manufacture, delivery, bringing into this state, or actual or constructive possession. The lesser-included offenses depend on what is contained in the charg *1221 ing document and what is supported by the evidence. For example, Possession of Cannabis is not a necessarily lesser-included offense of Trafficking in Cannabis via Sale. However, Possession of Cannabis is a necessarily-lesser included offense if the defendant is charged with Trafficking via Possession.
* Possession of More Than 20 Grams of Cannabis is a third-degree felony. Possession of Not More than 20 Grams of Cannabis is a first degree misdemeanor. See § 893.13(6) Fla. Stat.
Delivery of Less than 20 Grams of Cannabis Without Consideration is a first degree misdemeanor. See § 893.13(3) Fla. Stat.
There is no crime of Attempted Delivery because the definition of “delivery” in § 893.03(6) Fla. Stat. includes the attempt to transfer from one person to another. There is no crime of attempted conspiracy. Hutchinson v. State, 315 So.2d 546 (Fla. 2d DCA 1975).
This instruction was adopted in 1981 and amended in 1987 [509 So.2d 917], 1989 [543 So.2d 1205], 1997 [697 So.2d 84], and 2007 [969 So.2d 245], and 2013. See also SC03-629 [869 So.2d 1205 (Fla.2004) ].
25.10 TRAFFICKING IN COCAINE
§ 893.135(l)(b), Fla. Stat.
Certain drugs and chemical substances are by law known as “controlled substances.” Cocaine [ or any mixture containing cocaine] is a controlled substance.
To prove the crime of Trafficking in Cocaine, the State must prove the following four three elements beyond a reasonable doubt:
1. (Defendant) knowingly
[sold]
[purchased]
[manufactured]
[delivered]
[brought into Florida]
[possessed]
a certain substance.
2. The substance was [cocaine] [a mixture containing cocaine].
3. The [cocaine] [mixture containing cocaine] quantity of the substance involved was weighed 28 grams or more.
See State v. Dominguez, 509 So.2d 917 (Fla.1987).
4 — (Defendant) knew- that the substance was — [cocaine]—[a mixture containing cocaine].
If applicable under the facts of the case and pursuant to § 893.135(2), Fla. Stat., instructions on the following elements 1 and 2 bracketed language should be given instead of elements ⅛ 1 and 2 above. For example, if it is alleged that the defendant intended to sell heroin but actually sold cocaine, tk-e-aUernate instructions on elements 4 1 and 2 below would be given.
[4 — (Defendant)—intended—to—[sell] [purchase] [manufacture] [deliver] [bring into Florida] [possess] (an enumerated controlled-substance in § 893.135(1), Fla. Stat.), but actually [sold] [purchased] - [manufactured] [delivered] [brought into Florida] [possessed] cocaine or a mixture containing cocaine.]
1. (Defendant) intended to [sell] [purchase] [manufacture] [deliver] [bring into Florida] [possess] (an enumerated controlled substance in § 893.135(1), Fla. Stat.),
*1222 2. The defendant actually [sold] [purchased] [manufactured] [delivered] [brought into Florida] [possessed] cocaine or a mixture containing cocaine.

Definitions. Give as applicable.

Sell.

“Sell” means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.

Manufacture. § 893.02(13)(a), Fla. Stab

“Manufacture” means the production, preparation, packaging, labeling or relabeling, propagation, compounding, cultivating, growing, conversion or processing of a controlled substance, either directly or indirectly. Manufacturing can be by extraction from substances of natural origin, or independently by means of chemical synthesis. It can also be by a combination of extraction and chemical synthesis.

Deliver. § 893.02(5), Fla. Stat.

“Deliver” or “delivery” means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.

Possession.

To “possess” means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.
Possession may be actual or constructive.
Actual possession means:
a.The controlled substance is in the hand of or on the person, or
b. The controlled substance is in a container in the hand of or on the person, or
c. The controlled substance is so close as to be within ready reach and is under the control of the person.

Give if applicable.

Mere proximity to a controlled substance is not sufficient to establish control over that controlled substance when it is not in a place over which the person has control.
Constructive possession means the controlled substance is in a place over which the (defendant) has control.
In order to establish constructive possession of a controlled substance if the controlled substance is in a place over which the (defendant) does not have control, the State must prove the (defendant’s) (1) control over the controlled substance and (2) knowledge that the controlled substance was within the (defendant’s) presence.
Possession may be joint, that is, two or more persons máy jointly possess an article, exercising control over it. In that case, each of those persons is considered to be in possession of that article.

Give if applicable.

If a person has exclusive possession of a controlled substance, knowledge of its presence may be inferred.

A special instruction is necessary where the premises is jointly occupied and the contraband is located in a common area, in plain view, and in the presence of the owner or occupant. See Duncan v. State, 986 So.2d 653 (Fla. 4th DCA 2008).

*1223 If a person does not have exclusive possession of a controlled substance, knowledge of its presence may not be inferred.

Knowledge of the illicit nature of the controlled substance. Give if applicable. § 893.101(2) and (3), Fla. Stat.

Knowledge of the illiGit-nature of the controlled-substance is not an element of -the offense of [insert-name of offense charged-]-.- Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense to Trafficking in Cocaine. (Defendant) has-raised this affirmative defense. The defendant has raised this defense. However, yYou are permitted to presume that (defendant) was aware of the illicit nature of the controlled substance if you find that (defendant) was in actual or constructive possession of the controlled substance.
If from the evidence you are convinced that (defendant) knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find (defendant) guilty.
If you have a reasonable doubt on the question of whether (defendant) knew of the illicit nature of the controlled substance, you should find (defendant) not guilty.

Give if applicable. See McMillon v. State, 813 So.2d 56 (Fla.2002).

You are permitted to infer that a person who sells a controlled substance knows of its illicit nature.

See State v. Weller, 590 So.2d 923 (Fla.1991).

If you find the defendant guilty of Trafficking in Cocaine, you must further determine by your verdict whether the State has further proved beyond a reasonable doubt that:

Enhanced penalty. See § 893.135(l)(b)l.-2., Fla. Stat. to verify the weights or amounts specified in the statute, as determined by the date of the offense. Give if applicable up to extent of charge.

a. [The quantity-of-the substance involved was [cocaine][mixture containing cocaine] weighed 28 grams or more but less than 200 grams.]
b. [The quantity-of the substance involved was [cocaine][mixture containing cocaine] weighed 200 grams or more but less than 400 grams.]
c. [The quantity of the substance involved-was [cocaine][mixture containing cocaine] weighed 400 grams or more but less than 150 kilograms.]
d. [The quantity of the substance involved was [cocaine][mixture containing cocaine] weighed 150 kilograms or more.]
Lesser Included Offenses
[[Image here]]
*1224 [[Image here]]
Comment
Trafficking can be committed by sale, purchase, manufacture, delivery, bringing into this state, or actual or constructive possession. The lesser-included offenses depend on what is contained in the charging document and what is supported by the evidence. For example, Possession of Cocaine is not a necessarily lesser-included offense of Trafficking in Cocaine via Sale. However, Possession of Cocaine is a necessarily-lesser included offense if the defendant is charged with Trafficking via Possession.
There is no crime of Attempted Delivery because the definition of “delivery” in § 893.03(6) Fla. Stat. includes the attempt to' transfer from one person to another. There is no crime of attempted conspiracy. Hutchinson v. State, 315 So.2d 546 (Fla. 2d DCA 1975).
This instruction was adopted in 1981 and amended in 1985 [477 So.2d 985], 1987 [509 So.2d 917], 1989 [543 So.2d 1205], 1997 [697 So.2d 84], and 2007 [SC05-1434, October 25, 2007], and 2013. See also SC03-629 [869 So.2d 1205 (Fla.2004) ].
25.11 TRAFFICKING IN ILLEGAL DRUGS [MORPHINE] [OPIUM][OXYCODONE] [HYDROCO-DONE] [HYDROMORPHONE] [HEROIN] [ (SPECIFIC SUBSTANCE ALLEGED) ]
§ 893.135(l)(c), Fla. Stat.
Certain drugs and chemical substances are by law known as “controlled substances.” (Specific substance alleged) or any mixture containing (specific substance alleged) is a controlled substance.
To prove the crime of Trafficking in Illegal — Drugs [ (specific substance alleged) ], the State must prove the following four-three elements beyond a reasonable doubt:
1. (Defendant) knowingly
[sold]
[purchased]
[manufactured]
[delivered]
[brought into Florida]
[possessed]
a certain substance.
2. The substance was [morphine] [opium] [oxycodone] [hydrocodone] [hydromorphone] [heroin] [ (specific substance alleged) ] [a mixture containing [morphine] [opium] [oxyco-done] [hydrocodone] [hydromor-phone] [heroin] [ (specific substance alleged) ].
*1225 3. The quantity of the substance-involved was [morphine] [opium] [ox-ycodone] [hydrocodone] [hydromor-phone] [heroin] [ (specific substance alleged) ] [mixture containing [morphine] [opium] [oxycodone] [hydro-codone] [hydromorphone] [heroin] [ (specific substance alleged) 1 weighed 4 grams or more.
See State v. Dominguez, 509 So.2d 917 (Fla.1987).
4, — (Defendant) knew-that the substance — was—[[-morphine]—[opium] [oxycodone] [hydrocodone] [hydro-morphone] [heroin] [(specific substance alleged)-]-[a~mixture containing [morphine] [opium] [oxycodone] [hydrocodone]-[hydromorphone] [heroin] — [-(specific—substance—alleged)-]].

If applicable under the facts of the case and pursuant to § 893.135(2), Fla. Stat., instructions on the following elements 1 and 2 br-aeketed language should be given instead of elements ⅛ 1 and 2 above. For example, if it is alleged that the defendant intended to sell heroin but actually sold phencyclidine, the alternate instructions on elements ⅛ 1 and 2 below would be given.

[4. (Defendant) intended to [sell] [purchase]-[manufacture]-[deliver] [bring- into Florida] [possess] (an enumerated.controlled -substance in § 893.135(1), Fla. Stat.), but actually [sold] [purchased] [manufactured] [delivered] [brought into Florida] [possessed] — (specific—substance—alleged)-or-a-mixture containing (specific substance-alleged).
1. (Defendant) intended to [sell] [purchase] [manufacture] [deliver] [bring into Florida] [possess] (an enumerated controlled substance in § 893.135(1), Fla. Stat.).
2. The defendant actually [sold] [purchased] [manufactured] [delivered] [brought into Florida] [possessed] (specific substance alleged) or a mixture containing (specific substance alleged).

Definitions. Give as applicable.

Sell.

“Sell” means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.

Manufacture. § 893.02(13)(a), Fla. Stat.

“Manufacture” means the production, preparation, packaging, labeling or relabeling, propagation, compounding, cultivating, growing, conversion or processing of a controlled substance, either directly or indirectly. Manufacturing can be by extraction from substances of natural origin, or independently by means of chemical synthesis. It can also be by a combination of extraction and chemical synthesis.

Deliver. § 893.02(5), Fla. Stat.

“Deliver” or “delivery” means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.

Possession.

To “possess” means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.
Possession may be actual or constructive.
Actual possession means:
*1226 a. The controlled substance is in the hand of or on the person, or
b. The controlled substance is in a container in the hand of or on the person, or
c. The controlled substance is so close as to be within ready reach and is under the control of the person.

Give if applicable.

Mere proximity to a controlled substance is not sufficient to establish control over that controlled substance when it is not in a place over which the person has control.
Constructive possession means the controlled substance is in a place over which the (defendant) has control, or in which the (defendant) has concealed it.
In order to establish constructive possession of a controlled substance if the controlled substance is in a place over which the (defendant) does not have control, the State must prove the (defendant’s) (1) control over the controlled substance and (2) knowledge that the controlled substance was within the (defendant’s) presence.
Possession may be joint, that is, two or more persons may jointly possess an article, exercising control over it. In that case, each of those persons is considered to be in possession of that article.
If a person has exclusive possession of a controlled substance, knowledge of its presence may be inferred or assumed.

A special instruction is necessani where the premises is jointly occupied and the contraband is located in a common area, in plain view, and in the presence of the owner or occupant. See Duncan v. State, 986 So.2d 653 (Fla. 4th DCA 2008).

If a person does not have exclusive possession of a controlled substance, knowledge of its presence may not be inferred or assumed.

Knowledge of the illicit nature of the controlled substance. Give if applicable. § 893.101(2) and (3), Fla. Stat.

Knowledge of the-illicit nature-of-the controlled substance is not an element of the-offense of-f-iasert name of-offense charged] .- Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense to Trafficking in (specific substance alleged). (Defendant) — has raised this affirmative- defense. The defendant has raised this defense. However, yYou are permitted to presume that (defendant) was aware of the illicit nature of the controlled substance if you find that (defendant) was in actual or constructive possession of the controlled substance.
If from the evidence you are convinced that (defendant) knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find (defendant) guilty.
If you have a reasonable doubt on the question of whether (defendant) knew of the illicit nature of the controlled substance, you should find (defendant) not guilty.

Give if applicable. See McMillon v. State, 813 So.2d 56 (Fla.2002).

You are permitted to infer that a person who sells a controlled substance knows of its illicit nature.

See State v. Weller, 590 So.2d 923 (Fla.1991).

*1227 If you find the defendant guilty of Trafficking in Illegal Drugs, you must further determine by your verdict whether the State has proved beyond a reasonable doubt that:

Enhanced penalty. See § 893.135(l)(c)l.-2., Fla. Stat to verify the weights or amounts specified in the statute, as determined by the date of the offense. Give if applicable up to extent of charge.

a. [The quantity of the substance involved was [morphine] [opium] [oxycodone] [hydrocodone] [hy-dromorphone] [heroin] [ (specific substance alleged)] [mixture containing [morphine] [opium] [oxy-codone] [hydrocodone] [hydro-morphone] [herioin] [ (specific substance alleged) ] weighed 4 grams or more but less than 14 grams.]
b. [The quantity of the substance involved was [morphine] [opium] [oxycodone] [hydrocodone] [hy-dromorphone] [heroin] [ (specific substance alleged)] [mixture containing [morphine] [opium] [oxy-codone] [hydrocodone] [hydro-morphone] [herioin] [ (specific substance alleged) ] weighed 14 grams or more but less than 28 grams.]
c. [The quantity of the substance involved — was [morphine] [opium] [oxycodone] [hydrocodone] [hy-dromorphone] [heroin] [ (specific substance alleged) ] [mixture containing [morphine] [opium] [oxy-codone] [hydrocodone] [hydro-morphone] [herioin] [ (specific substance alleged) ] weighed 28 grams or more but less than 30 kilograms.]
d. [The quantity of the substance involved was [morphine] [opium] [oxycodone] [hydrocodone] [hy-dromorphone] [heroin] [ (specific substance alleged) ] [mixture containing [morphine] [opium] [oxy-codone] [hydrocodone] [hydro-morphone] [herioin] [ (specific substance alleged) ] weighed 30 kilograms or more.]
Lesser Included Offenses
[[Image here]]
*1228 [[Image here]]
Comment
Trafficking can be committed by sale, purchase, manufacture, delivery, bringing into this state, or actual or constructive possession. The lesser-included offenses depend on what is contained in the charging document and what is supported by the evidence. For example, Possession of a Controlled Substance is not a necessarily lesser-included offense of Trafficking in a Controlled Substance via Sale. However, Possession of a Controlled Substance is a necessarily-lesser included offense if the defendant is charged with Trafficking via Possession.
There is no crime of Attempted Delivery because the definition of “delivery” in § 893.03(6) Fla. Stat. includes the attempt to transfer from one person to another. There is no crime of attempted conspiracy. Hutchinson v. State, 315 So.2d 546 (Fla. 2d DCA 1975).
This instruction was adopted in 1981 and amended in 1985 [477 So.2d 985], 1987 [509 So.2d 917], 1989 [543 So.2d 1205], 1997 [697 So.2d 84], and 2007 [969 So.2d 245], and 2013. See also SC03-629 [869 So.2d 1205 (Fla.2004) ].
25.12 TRAFFICKING IN PHENCYCLIDINE
§ 893.135(l)(d), Fla. Stat.
Certain drugs and chemical substances are by law known as “controlled substances.” Phencyclidine or any mixture containing phencyclidine is a controlled substance.
To prove the crime of Trafficking in Phencyclidine, the State must prove the following fourthree elements beyond a reasonable doubt:
1. (Defendant) knowingly
[sold]
[purchased]
[manufactured]
[delivered]
[brought into Florida]
[possessed]
a certain substance.
2. The substance was [phencyclidine]
[a mixture containing phencycli-dine].
3. The quantity of -the- substance-involved was [phencyclidine] [mixture containing phencyclidine] weighed 28 grams or more.

See State v. Dominguez, 509 So.2d 917 (Fla.1987).

4-. — (Defendant) knew — that the — substance was [phencyclidine] [a mixture containing phen&yclidine].
If applicable under the facts of the case and pursuant to § 893.135(2), Fla. Stat, instructions on the following elements 1 and 2 bmeketed language should be given instead of elements ⅜ 1 and 2 above. For example, if it is alleged that the defendant intended to sell heroin but actually sold phencyclidine, the alternate instructions on elements ⅜ 1 and 2 below would be given.
[4, (Defendant)-intended to [sell] [purchase]-[manufacture]-[deliver] [br-i«g — into—Florida]- [possess] (an enumer-ated controlled substance in § 893.135(1), Fla. Stat.-), but actually [sold] — [purchased]—[manufactured] [delivered] [brought-into Florida] [possessed] phencyclidine or-a-mi-x-ture containing phencyclidine.
*1229 1. (Defendant) intended to [sell] [purchase] [manufacture] [deliver] [bring into Florida] [possess] (an enumerated controlled substance in § 893.135(1), Fla. Stat.),
2. The defendant actually [sold] [purchased] [manufactured] [delivered] [brought into Florida] [possessed] phencyclidine or a mixture containing phencyclidine.

Definitions. Give as applicable.

Sell.

“Sell” means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.

Manufacture. § 89S.02(13)(a), Fla. Stat.

“Manufacture” means the production, preparation, packaging, labeling or relabeling, propagation, compounding, cultivating, growing, conversion or processing of a controlled substance, either directly or indirectly. Manufacturing can be by extraction from substances of natural origin, or independently by means of chemical synthesis. It can also be by a combination of extraction and chemical synthesis.

Deliver. § 893.02(5), Fla. Stat.

“Deliver” or “delivery” means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.

Possession.

To “possess” means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.
Possession may be actual or constructive.
Actual possession means:
a. The controlled substance is in the hand of or on the person, or
b. The controlled substance is in a container in the hand of or on the person, or
c. The controlled substance is so close as to be within ready reach and is under the control of the person.

Give if applicable.

Mere proximity to a controlled substance is not sufficient to establish control over that controlled substance when it is not in a place over which the person has control.
Constructive possession means the controlled substance is in a place over which the (defendant) has control, or in which the (defendant) has concealed it.
In order to establish constructive possession of a controlled substance if the controlled substance is in a place over which the (defendant) does not have control, the State must prove the (defendant’s) (1) control over the controlled substance and (2) knowledge that the controlled substance was within the (defendant’s) presence.
Possession may be joint, that is, two or more persons may jointly possess an article, exercising control over it. In that case, each of those persons is considered to be in possession of that article.
If a person has exclusive possession of a controlled substance, knowledge of its presence may be inferred or assumed.

A special instruction is necessary where the premises is jointly occupied and the 
*1230
contraband is located in a common area, in plain view, and in the presence of the owner or occupant. See Duncan v. State, 986 So.2d 653 (Fla. 4th DCA 2008).

If a person does not have exclusive possession of a controlled substance, knowledge of its presence may not be inferred or assumed.

Knowledge of the illicit nature of the controlled substance. Give if applicable. § 893.101(2) and (3), Fla. Stat.

Knowledge of-the illicit nature of the controlled substance is not an element of the-offense-of- [insert name of offense charged-]; Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense to Trafficking in Phencyclidine. (Defendant) has raised this-affirmative-defense, The defendant has raised this defense. However- yYou are permitted to presume that (defendant) was aware of the illicit nature of the controlled substance if you find that (defendant) was in actual or constructive possession of the controlled substance.
If from the evidence you are convinced that (defendant) knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find (defendant) guilty.
If you have a reasonable doubt on the question of whether (defendant) knew of the illicit nature of the controlled substance, you should find (defendant) not guilty.

Give if applicable. See McMillon v. State, 813 So.2d 56 (Fla.2002).

You are permitted to infer that a person who sells a controlled substance knows of its illicit nature.

See State v. Weller, 590 So.2d 923 (Fla.1991).

If you find the defendant guilty of Trafficking in Phencyclidine, you must further determine by your verdict whether the State has proved beyond a reasonable doubt that:

Enhanced penalty. See § 893.135(1)(d)1.a.-c., Fla. Stat. to verify the weights or amounts specified in the statute, as determined by the date of the offense. Give if applicable up to extent of charge.

a. [The quantity of the substance-involved — was [phencyclidine] [mixture containing phencyclidine] weighed 28 grams or more but less than 200 grams.]
b. [The quantity of-the-substanee-in-volved — was [phencyclidine][mix-ture containing phencyclidine] weighed 200 grams or more but less than 400 grams.]
c. [The quantity of the-substance involved — was [phencyclidine] [mixture containing phencyclidine] weighed 400 grams or more.]
Lesser Included Offenses
[[Image here]]
*1231 [[Image here]]
Comment
Trafficking can be committed by sale, purchase, manufacture, delivery, bringing into this state, or actual or constructive possession. The lesser-included offenses depend on what is contained in the charging document and what is supported by the evidence. For example, Possession of Phencyclidine is not a necessarily lesser-included offense of Trafficking in Phency-clidine via Sale. However, Possession of Phencyclidine is a necessarily-lesser included offense if the defendant is charged with Trafficking via Possession.
There is no crime of Attempted Delivery because the definition of “delivery” in § 893.03(6) Fla. Stat. includes the attempt to transfer from one person to another. There is no crime of attempted conspiracy. Hutchinson v. State, 315 So.2d 546 (Fla. 2d DCA 1975).
This instruction was adopted in 1981 and amended in 1987 [509 So.2d 917], 1989 [543 So.2d 1205], 1997 [697 So.2d 84], and 2007 [969 So.2d 245], and 2013. See also SC03-629 [869 So.2d 1205 (Fla.2004) ].
25.13 TRAFFICKING IN METHAQUALONE
§ 893.135(l)(e), Fla. Stat.
Certain drugs and chemical substances are by law known as “controlled substances.” Methaqualone or any mixture containing methaqualone is a controlled substance.
To prove the crime of Trafficking in Methaqualone, the State must prove the following four three elements beyond a reasonable doubt:
1. (Defendant) knowingly
[sold]
[purchased]
[manufactured]
[delivered]
[brought into Florida]
[possessed]
a certain substance.
2. The substance was [methaqual-one] [a mixture containing metha-qualone].
3. The quantity-of-the substance involved-was [methaqualone] [a mixture containing methaqualone] weighed 200 grams or more.
See State v. Dominguez, 509 So.2d 917 (Fla.1987).
4. — (Defendant) knew — that—the.substance was [methaqualone] [a mixture containing methaqualone],
If applicable under the facts of the case and pursuant to § 893.135(2), Fla. Stat., instructions on the following elements 1 and 2 bracketed language should be given instead of elements ⅛ 1 and 2 above. For *1232 example, if it is alleged that the defendant intended to sell heroin but actually sold methaqualone, the alternate instructions on elements ⅛ 1 and 2 below would be given.
⅛ — (Defendant)—intended—te—[sell! [purc-hase] - [manufacture] [deliver] [bring into Florida]- [possess] (an enumerated controlled substance in § 893.135(1), Fla. Sta4), but actually [sold-] — [purchased]—[manufactured] [delivered] [brought into Florida] [possessed] methaqualone or a-mixture containing methaqualone.]
1. (Defendant) intended to [sell] [purchase] [manufacture] [deliver] [bring into Florida] [possess] (an enumerated controlled substance in § 893.135(1), Fla. Stat.),
2. The defendant actually [sold] [purchased] [manufactured] [delivered] [brought into Florida] [possessed] methaqualone or a mixture containing methaqualone.

Sell.

“Sell” means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.

Manufacture. § 893.02(13) (a), Fla. Stat.

“Manufacture” means the production, preparation, packaging, labeling or relabeling, propagation, compounding, cultivating, growing, conversion or processing of a controlled substance, either directly or indirectly. Manufacturing can be by extraction from substances of natural origin, or independently by means of chemical synthesis. It can also be by a combination of extraction and chemical synthesis.

Deliver. § 893.02(5), Fla. Stat.

“Deliver” or “delivery” means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.

Possession.

To “possess” means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.
Possession may be actual or constructive.
Actual possession means:
a. The controlled substance is in the hand of or on the person, or
b. The controlled substance is in a container in the hand of or on the person, or
c. The controlled substance is so close as to be within ready reach and is under the control of the person.

Give if applicable.

Mere proximity to a controlled substance is not sufficient to establish control over that controlled substance when it is not in a place over which the person has control.
Constructive possession means the controlled substance is in a place over which the (defendant) has control, or in which the (defendant) has concealed it.
In order to establish constructive possession of a controlled substance if the controlled substance is in a place over which the (defendant) does not have control, the State must prove the (defendant’s) (1) control over the controlled substance and (2) knowledge that the controlled substance was within the (defendant’s) presence.
*1233 Possession may be joint, that is, two or more persons may jointly possess an article, exercising control over it. In that case, each of those persons is considered to be in possession of that article.
If a person has exclusive possession of a controlled substance, knowledge of its presence may be inferred or assumed.

A special instruction is necessary where the premises is jointly occupied and the contraband is located in a common area, in plain view, and in the presence of the owner or occupant. See Duncan v. State, 986 So.2d 653 (Fla. 4th DCA 2008).

If a person does not have exclusive possession of a controlled substance, knowledge of its presence may not be inferred or assumed.

Knowledge of the illicit nature of the controlled substance. Give if applicable. § 893.101(2) and (3), Fla. Stat.

Knowledge of the illicit nature of the controlled-substance is not an element of-the offense of-[-insert-name of offense ek-ai-ged]. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense to Trafficking in Methaqualone. (Defendant) has raised this affirmative-defense. The defendant has raised this defense. However, j^You are permitted to presume that (defendant) was aware of the illicit nature of the controlled substance if you find that (defendant) was in actual or constructive possession of the controlled substance.
If from the evidence you are convinced that (defendant) knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find (defendant) guilty.
If you have a reasonable doubt on the question of whether (defendant) knew of the illicit nature of the controlled substance, you should find (defendant) not guilty.

Give if applicable. See McMillon v. State, 813 So.2d 56 (Fla.2002).

You are permitted to infer that a person who sells a controlled substance knows of its illicit nature.

See State v. Weller, 590 So.2d 923 (Fla.1991).

If you find the defendant guilty of Trafficking in Methaqualone, you must further determine by your verdict whether the State has proved beyond a reasonable doubt that:

Enhanced penalty. See § 893.135(l)(e)l.a.-c., Fla. Stat. to verify the weights or amounts specified in the statute, as determined by the date of the offense. Give if applicable up to extent of charge.

a. [The quantity-of the substance involved was [methaqualone] [mixture containing methaqualone] weighed 200 grams or more but less than 5 kilograms.]
b. [The quantity of the substance involved was [methaqualone][mix-ture containing methaqualone] weighed 5 kilograms or more but less than 25 kilograms.]
c. [The quantity-of-the substance involved was [methaqualone] [mixture containing methaqualone] weighed 25 kilograms or more.]
Lesser Included Offenses
*1234 [[Image here]]
Comment
Trafficking can be committed by sale, purchase, manufacture, delivery, bringing into this state, or actual or constructive possession. The lesser-included offenses depend on what is contained in the charging document and what is supported by the evidence. For example, Possession of Methaqualone is not a necessarily lesser-included offense of Trafficking in Metha-qualone via Sale. However, Possession of Methaqualone is a necessarily-lesser included offense if the defendant is charged with Trafficking via Possession.
There is no crime of Attempted Delivery because the definition of “delivery” in § 893.03(6) Fla. Stat. includes the attempt to transfer from one person to another. There is no crime of attempted conspiracy. Hutchinson v. State, 315 So.2d 546 (Fla. 2d DCA 1975).
This instruction was adopted in 1981 and amended in 1987 [509 So.2d 917], 1989 [543 So.2d 1205], 1997 [697 So.2d 84], and 2007 [969 So.2d 245], and 2013. See also SC03-629 [869 So.2d 1205 (Fla.2004) ].